[No. 1214, September 2nd, 1908.]

TERRITORY OF NEW MEXICO, Appellee, v. TOM CALDWELL and LEE CALDWELL.

SYLLABUS (BY THE COURT).

1. When a brand is recorded with the Cattle Sanitary Board all horses, mules, asses or neat cattle branded with that brand are prima facie the property of the person owning such recorded brand.

2. Where an indictment charges that the calf alleged to have been stolen was the property of Juan Casaus y Benavides, and the certificate of the Cattle Sanitary Board was made out in that name, it is not a variance because the evidence shows that the complaining witness was sometimes called Juan Casaus.

3. The instruction given by the court which reads, "The possession of recently stolen property, if unexplained, is a

circumstance to be taken into consideration by the jury, the same as any other fact or circumstance in the case, and given such weight as the jury may deem it entitled to, and if in this case you believe from the evidence beyond a reasonable doubt, that the defendants, or some of them, were in possession of the property stolen, if it was stolen, then you may take that fact or circumstance into consideration and give it such weight as in your mind it is entitled to"—correctly states the law in regard to the possession of property soon after it has been stolen.

4. If the usual general instruction regarding reasonable doubt is given, it need not be repeated in each instruction which relates to the elements of the crime or the facts in the case.

5. It is the duty of the presiding judge, to instruct the jury fully as to the law in criminal cases, but if he omits to instruct as to any of the elements of the crime, then it is the duty of the counsel for the defendant to ask for such instruction, and if the court refuses to give it, to except. If counsel fail to ask for an instruction, which they think should be given, and on the refusal of the court to give it do not except, they cannot take advantage of it on appeal.

6. Where two or more crimes are committed, at or about the same time, the whole transaction may be proven, even though the tendency is to prove a crime other than the one charged, especially in cases of larceny, when other property stolen at, or about the same time as that described in the indictment, are found in the possession of the accused, because it tends to show intent of the accused.

7. All that the defendants can ask is that the instructions as a whole, fairly and fully place the case before the jury.

Appeal from the District Court for Guadalupe County before EDWARD A. MANN, Associate Justice. Affirmed.

R. D. BOWERS, W. W. GATEWOOD and M. C. DE BACA for Appellants.

In a prosecution for larceny there should never be a conviction unless the corpus delicti has been established. 8 Enc. of Evidence 86; Will's Circumstantial Evidence

345 and cases cited, 352; 3 Greenleaf on Evidence, art. 31; People v. Hurley, 60 Cal. 74, 44 Am. Rep. 55; Van Stratten v. People, 26 Colo. 184, 56 Pac. 905; State v. Castor, 93 Mo. 242, 5 S. W. 906; State v. Drew, 179 Mo. 315, 78 S. W. 594.

Where there is a variance between the name alleged in the indictment and the name proven at the trial, it devolves upon the prosecution to show a general application of these two names to the alleged owner of the property alleged to have been stolen. Wharton's American Criminal Law, sec. 1820; 3 Greenleaf Ev. sec. 22; Bell v. State, 25 Tex. 574; Hardin v. State, 36 Tex. 113; Clarke v. State, 15 S. W. Rep. 187; Roberts v. State, 4 Tex. App. 566; Milontree v. State, 16 S. W. 764; Moynahan v. The People, 3 Colo. 367; State v. Williams, 68 Ark. 241, 82 Am. St. Rep. 288; Commonwealth v. Warren, 143 Mass. 568, 10 N. E. 178; State v. Curran, 18 Mo. 320.

Venue, where the offense of larceny is charged, is one of the material averments in an indictment. C. L. 1897, sec. 3398.

It is the duty of the trial judge to instruct the jury fully and correctly upon all the law applicable to the case. C. L. 1897, sec. 2992; Territory v. Friday, 8 N. M. 208; Kelly v. The State, 18 Tex. App. 262.

J. M. HERVEY, Attorney General, for Appellee.

The proof of a recorded brand is prima facie proof that the person owning such brand is the owner of the animal branded with it. 3 Greenleaf on Ev., arts. 30, 31; State v. Brewster, 7 Vt. 121; People v. Hurley, 60 Cal. 74, 44 Am. Rep. 55, not applicable.

The name of the owner of the property stolen is not a material part of the offense charged in the indictment. Graham v. Elizner, 28 Ill. App. 269; State v. Bell, 65 N. C. 315; State v. Angel, 29 N. C. 27.

"Instructions having a tendency to mislead the jury, as a general rule, unless it is plain that the jury have been mislead, if injury from them is apprehended, must be cured by the request of explanatory instructions; they do

not of themselves, create reversible error." Towns v. State, 111 Ala. 1; State v. Phinney, 42 Me. 391.

"The fact that an instruction is not more specific, is no valid objection to it if it contains a correct general statement of the law." Behymer v. State, 95 Ind. 140; Barr v. State, 10 Tex. App. 507; Davis v. State, 114 Ill. 86; Murphy v. State, 108 Ala. 10; Ming v. State, 73 Ala. 1; State v. Wheeler, 108 Mo. 658.

The court is not required to multiply instructions, with changed phraseology, on a single proposition of law. Olive v. State, 11 Neb. 31; Behymer v. State, 95 Ind. 140; Berry v. State, 8 Texas 515; Henderson v. State, 1 Tex. Ct. App. 432, Rider v. State, 26 Tex. C. A. 334; Wafford v. State, 44 Tex. 439; Butler v. State, 3 Tex C. A. 48; Carroll v. State, 45 Ark. 539; Hodge v. State, 85 Ind. 561; State v. Kilgore, 70 Mo. 558; Holt v. State, 47 Ark. 539; Commonwealth v. Meserve, 154 Mass. 75.

Where two or more crimes are committed and the transaction is one and the same, the whole transaction may be proven, even though the tendency is to prove a crime other than the one charged. Territory v. Livingston, 84 Pac. 1021.

## STATEMENT OF FACTS

The defendants are charged under Sec. 79, of the Compiled Laws of 1897, with stealing one head of neat cattle the property of one Juan Casaus y Benavides. The indictment alleges that the crime was committed on September 6th, 1906. The defendants were duly tried and the jury on April 4th, 1907, returned a verdict of guilty, with a recommendation to clemency. Motion for a new trial was filed, argued and overruled, and the defendant Lee Caldwell was sentenced to the penitentiary for the term of two years, and the defendant Tom Caldwell for the term of three years. From these judgments defendants appeal.

## OPINION OF THE COURT.

MILLS, C. J.—This is an appeal in a criminal case where the defendants were charged with the larceny of one head of neat cattle, a calf, as shown by the evidence. An

examination of the record discloses that the verdict of guilty returned by the jury was not secured for the lack of a defense, for the defendants were represented by able lawyers, who used every means to clear them of the crime which it is alleged by the indictment they committed, and for which they were subsequently found guilty by the jury, and sentenced to the penitentiary by the court.

On the hearing before us some of the errors assigned were not argued, but we will consider them all as counsel stated that none were waived.

1.    The first alleged error is that there is no evidence in the case to support the verdict of the jury, in that the transcript shows that there was no evidence establishing the fact that there was ever any crime committed.

Our laws provide for the branding of cattle by their owners, and set out that when a brand is properly recorded, that no one else shall record the same brand, but that such brand shall be the property of the person recording it; and, Sec. 67, Compiled Laws of 1897, provides that the proof of the brand by a certified copy of the registration thereof in the Territorial brand book under the seal of the cattle sanitary board certified to by the secretary of said board, shall be sufficient to identify all horses, mules, asses or neat cattle, and shall be prima facie proof that the person owning the recorded brand is the owner of the animal branded with such brand. The indictment in this case discloses that the calf alleged to have been stolen was the property of Juan Casaus y Benavides, and the evidence shows that a certificate of the record of the brand, signed by the secretary of the Cattle Sanitary Board, was admitted in evidence, and that it shows that the brand of Juan Casaus y Benavides was T. C. Bar, and it therefore follows that all cattle branded with that brand were prima facie his cattle.

It is testified to by one Manuel Aragon that on September, 6th, 1906, he saw two men driving a bunch of cattle, mostly calves, consisting of some fourteen or sixteen head near the head of the Encinosa; that his attention was first attracted to them by the bellowing of the calves; that he rode towards them, and that as he did so,

one of the men turned, loaded his pistol and held it in front of him, and asked him what he was doing there. After some conversation, the man with the pistol said that they were throwing the calves down on the Yesso. This witness identified the man with whom he talked as the defendant Lee Caldwell. This witness also testified without objection that the reason the calves were bawling was because they had been separated from their mothers that day.

The witness Collier testified that on October 3rd, 1906, he visited the Caldwell ranch and found in that vicinity a number of freshly branded calves, without their mothers, which Lee Caldwell said belonged to him and his brother, and which were branded in their brand. Afterwards, the mother of the calf in question was found and it was the cow of Casaus y Benavides.

A considerable amount of evidence was introduced on the trial, the defendants claiming that they did not know how the calves came to be branded with their brand, and thus prima facie their property, but there was ample evidence that a crime had been committed, and it was proper for the court to submit the case to the jury for their determination as to whether or not the defendants were the guilty parties. If the stealing of a calf by wrongfully branding it could only be proved by a confession or by eye-witnesses to the illegal branding, then the running of herds on the open range of this territory would soon be a thing of the past, for as a rule persons do not illegally brand calves in the presence of witnesses any more than they commit crimes such as burglary or larceny in the presence of witnesses.

2. Appellants also claim that there was a material variance between the allegations of the indictment and proof, as to the name of the owner of the calf alleged to have been stolen.

We can seen nothing which requires any lengthy discussion on this point. The indictment charges that the calf alleged to have been stolen was the property of Juan Casaus y Benavides, and the first questions asked the prosecuting witness are as follows: "(Q.)

Territory v. Caldwell.

State your name, age and place of residence? (A.) Juan Casaus y Benavides, 26 years old; I live two miles below Salado. (Q.) Is this your brand, T. C. Bar? (A.) Yes, sir. (Q.) What is your father's name? (A.) Teodoro Casaus. (Q.) He never had the name changed, did he? (A.) No. (Q. You are his son? (A.) Yes. (Q.) Your name is Casaus, I believe, you said also? (A.) Yes. (Q.) Your name I believe you said was Juan? (A.) Yes, Juan Casaus y Benavides." The certificate of the cattle sanitary board was also made out in the name of Juan Casaus y Benavides and was admitted in evidence without objection. It is true that the complaining witness was sometimes called Juan Casaus, but his real name as testified to by him, was as he was described in the indictment. We can see no variance between the allegation contained in the indictment as to the name of the prosecuting witness, and the proofs adduced at the trial. A person might be ordinarily known as Tom Smith, but if in an indictment he was described as Thomas Smith, and testified that was his name, although there was proof that he was ordinarily called Tom Smith, we do not think that it could be rightfully claimed that there was a variance between the indictment and the proofs.

3.   Another alleged error is that the court erred in giving instruction No. 5½, which reads as follows, to-wit:— "The possession of recently stolen property if unexplained, is a circumstance to be taken into consideration by the jury, the same as any other fact or circumstance in the case, and given such weight as the jury may deem it entitled to, and if in this case you believe from the evidence beyond a reasonable doubt that the defendants, or some of them, were in possession of the property stolen, if it was stolen, then you may take that fact or circumstance into consideration and give it such weight as in your mind it is entitled to."

This alleged error was not argued before us, and no authorities are cited to show that it is erroneous. It seems to us to contain all the requisites which are usually found in instructions of this class. All that it does is to instruct the jury that the possession

of stolen property, if unexplained, if they believe that it was stolen, was a circumstance which might be considered by them in arriving at their verdict. We see no error in this instruction, nor do the appellants point out any except that "The court starts out on an assumption."

4. The error complained of by the appellants and numbered four, is to all intents and purposes the same as the assignment which we have disposed of above as number one, and we will not therefore again consider it.

5. The fifth alleged error is, "That the court erred in giving instructions No. 5 in that the jury was not instructed therein, that it must appear to their satisfaction beyond a reasonable doubt that the offense charged was committed in Guadalupe County, or within five hundred yards thereof."

We do not consider this point as well taken. The entire instruction No. 5, as given by the court is:

"You are instructed that the question of vendue, that is, the county in which the crime alleged in the indictment was committed, if it was committed, is a question of fact for the jury to determine, the same as any other fact in the case but it need not be proven by direct and positive evidence; it is sufficient if it may be reasonably inferred from the facts and circumstances of the case. And in this case, if you believe from the evidence beyond a reasonable doubt, that the defendants committed the offense charged in the indictment, and if the facts and circumstances proven at the trial convince you it occurred in Guadalupe county, or within five hundred yards thereof, then the venue is sufficiently proven to justify a verdict of guilty as charged in the indictment."

Venue is of course one of the material averments charged in an indictment, and must be proven to the satisfaction of the jury, before they will be justified in returning a verdict of guilty against an accused. In this very instruction, the court charges the jury that they must "believe from the evidence beyond a reasonable doubt, that the offense was committed ........ and that it was committed in Guadalupe County." The entire instruction must be read together. Territory v. Livingston, 84 Pac.

1021. Even if the words "beyond a reasonable doubt," had not appeared in this particular instruction, still the instruction would not have been bad, for in instruction No. 4, the court specially instructed the jury that they must find from the evidence and beyond a reasonable doubt, that the crime charged was committed in the county of Guadalupe, Territory of New Mexico. The law is that the general instruction upon reasonable doubt which is usually given need not be repeated in each instruction which relates to the elements of the crime or the facts in the case. State v. Cross, 68 Iowa 180; State v. Hennesy, 55 Iowa 299; State v. Murdy, 81 Iowa 603; 1 Blashfield on Instructions to Juries, page 647.

6. The next error assigned is that the court committed error in failing to instruct the jury fully and correctly upon the law applicable to the case.

This contention of the appellant's is based on the fact that no instruction was given by the court concerning the law on the impeachment of witnesses, appellants now claiming that evidence was introduced impeaching the testimony of the witness Degraftenreid. The evidence introduced which sought to impeach the evidence of Degraftenreid, so far as we have been able to find it, is of the most flimsy character, nor is any pointed out in the briefs filed by counsel in this case which impeaches the witness Degraftenreid.

Our laws make it the duty of the presiding judge to instruct the jury as to the law in criminal cases. In the case at bar we think that the court instructed the jury fully and fairly as to the law of the case, and if it failed to do so, then it was the duty of counsel for defendants to ask the court to give such instructions as they thought should be given. We have held—Territory v. Gonzales, 89 Pac. 250—"if counsel for defendant had offered and requested the court to give the jury an instruction as to simple assault, and the court had refused to do so, then this question would be properly before us; but in as much as counsel did not appear or request such instruction at the trial, it is not necessary for us to consider it in this case" and again, "It is the duty of the court to instruct the jury in a criminal case as to the law of self-defense,

where there is any evidence tending to establish such defense; but in order that the defendant may take advantage of such error, he must except to the failure of the court to so instruct at the time the jury is instructed." Territory v. Watson, 12 N. M. 419.

An examination of the record in this case shows that the learned counsel did not ask the court to give any instruction on the subject of impeachment, and consequently, even if such instruction should have been given, which we do not think was necessary, they have lost all right to object to it now.

7. The seventh and eighth assignments of error we will consider together, as they relate to the same subject matter. The seventh assignment is that the court committed error in giving instruction No. 6½, which reads: "You are instructed that proof of other crimes is not to be taken and considered by you as evidence of the crime charged in the indictment, but proof of similar crimes committed at the same time and committed with the crime charged in the indictment, and so connected therewith that one cannot be shown without showing the other, if you find a crime was committed, such evidence is admissible, although it may incidentally prove, or tend to prove, some crime not charged in the indictment; and evidence of similar crimes committed about the same time is also evidence which is admissible as proof of the intent of the parties charged therewith and of the guilty knowledge of such parties." And exception No. 8 is that the court erred in admitting the evidence of certain witnesses to the effect that other calves and cattle were seen and found near or with the particular calf alleged to have been stolen.

If the admission of the evidence to which exception is now raised was proper, then the instruction No. 6½ is good, for it is simply a cautionary instruction, and one which limited and defined the scope of the evidence which had been submitted to the jury on this point. The evidence discloses that on the day the calf in question was rounded up, and the day the defendants were arrested, and the day following, the officers rounded up near the home

of the appellants something like a dozen other calves, which were branded with the defendant's brand, and which had been branded, cut and hobbled, and were very poor in flesh. One of the witnesses recognized by flesh marks, as belonging to other people, some of these calves, which had been recently branded with appellant's brand. All of this occurrred at or very near the time appellants were arrested. This evidence was admitted to show the intent of the parties charged. We have passed upon this very point, as recently as 1906, when this court said, "While it is an elementary principle of law that proof of other and distinct crimes are inadmissible to aid in proving the crime charged, yet, where two or more crimes are committed, and the transaction is one and the same, the whole transaction may be proven, even though the tendency is to prove a crime other than the one charged, and especially in larceny cases, when other goods stolen at the same time as those described in the indictment are found in the possession of the accused, such fact is admissible in evidence, because it very clearly tends to connect the accused with the offense." Territory v. Livingston, 84 Pac. 1021. This is precisely the state of facts in this case, and the evidence complained of was very properly admitted, by the court, and having been so admitted, the instruction complained of was correctly given.

It is enough that the instructions as a whole fairly placed the case before the jury, and we think that they did in this case. Territory v. O'Donnell, 4 N. M. 210; United States v. Amador, 6 N. M. 178; Territory v. Trujillo, 7 N. M. 43; Territory v. Garcia, 12 N. M. 87.

There is no error in the judgment complained of, and the same is therefore affirmed; and it is so ordered.