THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN OSINSKI, Appellant.

Argued May 31, 1939; decided July 11, 1939.

*H. E. Blodgett* and *Howard Murrin* for appellant.

*Thomas W. Wallace, District Attorney* (*Adam Ogonowski* of counsel), for respondent.

FINCH, J. Defendant was indicted for assault in the first degree, to wit, defendant, with the intent to kill, assaulted one Case with a loaded pistol. The jury returned a verdict of guilty of assault in the second degree with a recommendation of leniency.

Defendant Osinski and a companion, Hood, had been drinking in a saloon, and had become drunk. There is some dispute as to the extent to which they were inebriated, but it is clear that Hood was in the worse condition. Case, a deputy sheriff, placed the two men under arrest while they were in the saloon, and proceeded to take them in his coupe to the town clerk's office. The inside handle on the right-hand door of the car had been previously removed, so that it was possible to leave only on the left side. When they arrived at the town hall, Case left the car with the two men in it. On the ledge in back of the seat inside of the car, Case had left a pistol in a holster. The gun was hidden by a "Justice's Manual." After walking about ten to fifteen feet, Case remembered that he had left his keys in the car. He started back to the car and, as he did so, defendant Osinski was putting his left foot out of the side of the car. Case saw defendant holding the *holster* in his right hand. The butt and trigger of the gun are uncovered in a shoulder holster, the kind here involved. At this

point Case's testimony is as follows; " Q. From then on what did you see? A. As I went back to the car I saw my holster in his [defendant's] hand. I could see the brown holster. I grabbed for it. Then, of course, as I grabbed for it the gun exploded. * * * Q. Your best judgment is you did get hold of it? A. Yes." Case was shot through the leg.

Case also testified that later that evening, when defendant Osinski and Hood were brought to the hospital, " Osinski said he was sorry he done it. I said I was sorry too." At no time did defendant attempt to escape.

There are no exceptions to the judge's charge, which in part is as follows: " Now, you see the intent to kill is omitted from the definition of second degree assault, but to do bodily harm to the person of the officer is an element of the crime of assault in the second degree and the prosecution * * * has the burden of proving that intent of this defendant * * *."

In order to sustain the conviction, there must be some evidence that defendant did the shooting, and that he shot Case with the requisite intent. There is no direct evidence of either element, unless Case's testimony that Osinski " said he was sorry he done it " when he was in the hospital be regarded as adequate. This amounts to no more than saying that he regretted that the accident happened.

Thus it would appear that the inference of intent is based upon the fact that defendant did the shooting, which, in turn, is inferred from the fact that defendant was holding the holster in his hand when the complaining witness also grabbed hold and the explosion occurred.

From the foregoing facts it would appear that the evidence to establish Osinski's intent to inflict bodily harm is so slight as to be no more than a scintilla, if even that. Where the intent, which is an essential element of a crime, can be established only by inference from another fact, and the latter fact is not shown by direct evidence but must itself be derived from the existence of another event, the testimony is ordinarily too slight to permit the question to

be submitted to the jury. The jury's finding that defendant possessed the intent to do bodily harm would be no more than mere surmise on the basis of the evidence adduced. (*People* v. *Razezicz*, 206 N. Y. 249.)

The judgments, therefore, should be reversed and the indictment dismissed.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgments reversed, etc.