THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THERON WALRATH, Appellant.

Third Department, November 14, 1951.

*Arthur B. Hart* for appellant.

*Charles E. Bowers, District Attorney of St. Lawrence County,* for respondent.

HEFFERNAN, J.   In the month of April, 1951, a Grand Jury in the County of St. Lawrence sitting in connection with a Trial Term of the Supreme Court returned an indictment against defendant charging him in three separate counts with the crimes of rape in the second degree, assault in the second degree and adultery, all arising out of the same occurrence.

The indictment accused defendant with the commission of these crimes during the month of July or August, 1949, upon a female, thirteen years of age, not his wife.   In an amended bill of particulars the date of the alleged offenses was stated to be on or about August 1, 1949.

Upon his arraignment in the Supreme Court defendant entered a plea of not guilty and thereupon the court transferred the indictment to the County Court for final disposition.

On the trial the only evidence tending to connect defendant with the commission of the alleged crimes was that given by the prosecutrix and her brother, the latter of whom at that time was fourteen years of age. Their testimony is not only highly improbable but actually incredible particularly in view of the fact that neither sister nor brother made any complaint or any outcry until two years later which resulted in the accusation charging defendant with the perpetration of the most revolting crimes upon a thirteen-year-old child. Then, too, the belated disclosure was only made at a time when there was ill feeling between their mother and defendant.

Upon defendant's application the prosecutrix was examined by a physician, a specialist in obstetrics, who testified unequivocally and without contradiction that she never had sexual intercourse or never had been raped.

The District Attorney had her examined by a physician of his own selection. That doctor was not called as a witness and on the argument before our bar the prosecutor conceded that the result of his physician's findings was in accord with the medical testimony given upon the defendant's behalf. The count in the indictment charging defendant with adultery was based on the fact that he was married at the time of the alleged crime.

At the close of the evidence on motion of the District Attorney the counts in the indictment which charged defendant with rape and adultery were withdrawn for failure of proof. Defendant's motion to dismiss the remaining count charging assault was denied and defendant duly excepted to that ruling.

The sole question submitted to the jury was the count in the indictment relating to assault. The jury found defendant guilty of that crime and thereupon the court imposed upon him the maximum sentence of two and one-half to five years in the State prison. The Trial Judge granted a certificate of reasonable doubt and from the judgment of conviction defendant has come to our court.

The crime of assault in the second degree with which defendant is charged is predicated on subdivision 5 of section 242 of the Penal Law, the pertinent portion of which is that one who " Assaults another with intent to commit a felony  *  *  *  Is guilty of assault in the second degree." The language in the indictment relating to this crime is that " defendant, at the Town of Canton, in the County of St. Lawrence, in the month of

July or August, 1949, assaulted Theresa LaSeige, [the prosecutrix] a female not his wife, with intent to commit upon her the felony of rape.''

The question for decision is whether or not there is sufficient evidence to sustain the judgment of conviction. It is conceded that there was no proof sufficient to establish the commission of the crimes of rape and adultery and, hence, the counts relating to these offenses were properly dismissed. The record contains no evidence which would indicate that defendant had committed an independent assault upon the prosecutrix.

The existence of a criminal intent is a necessary ingredient of the crime of assault alleged in the indictment. Whenever a specific intent is required by statute to constitute a crime, as in this case, such intent enters into the nature of the act itself and must be alleged and proved. The criminal intent must be united with an overt act and they must concur in point of time. The law does not concern itself with mere guilty intention, unconnected with any overt act or outward manifestation. In the instant case there is neither proof of guilty intention nor of any overt act on the part of defendant.

It is difficult to understand what motivated the jury to render a guilty verdict. Certainly that verdict is against the overwhelming weight of the evidence. The explanation probably is that a grand jury, having accused defendant of ravishing a child, inflamed the minds of the triers of the facts to such an extent that their reaction is reflected in their verdict.

The learned counsel for defendant has made some criticism of the court's charge, but in view of the conclusion at which we have arrived, it is unnecessary to comment on it.

No good reason suggests itself why we should direct a retrial which can only result in useless expense to the county.

The judgment of conviction should be reversed on the law and facts, the indictment dismissed and defendant discharged from custody.

Foster, P. J., Brewster, Bergan and Coon, JJ., concur.

Judgment of conviction reversed on the law and facts, the indictment dismissed and the defendant discharged from custody.