The People of the State of New York, Respondent, *v.* Sophia M. Ball, Appellant.

Fourth Department, February 3, 1954.

John F. Dwyer, District Attorney (George H. Metz and Leonard Finkelstein of counsel), for respondent.

A. E. Schulgasser for appellant.

Per Curiam. The defendant was accused by the Grand Jury of Erie County of the crime of assault, second degree, contrary to section 242 of the Penal Law, in two counts as follows:

" FIRST COUNT: * * * in that she * * * did feloniously assault Edward Damba, by and with the use of a sharp instrument likely to produce grievous bodily harm.

" SECOND COUNT: AND THE GRAND JURY * * * do further accuse the said Sophia M. Ball of the following crime:

" Assault in the Second Degree, contrary to the Penal Law, Section 242, in that she * * * did feloniously assault Edward Damba, wounding and inflicting grievous bodily harm upon him."

The defendant was tried in County Court, Erie County, and the jury found her not guilty of the first count, but did find her guilty of the second count of the indictment.

The charge arose from an incident which occurred in a tavern. The testimony shows that defendant swung a glass of beer, missing one patron, who received the contents of the glass, and striking Damba in the face, causing severe cuts thereon. One witness, Stark testified that defendant broke the glass on the

bar at which she was seated before using it as a weapon, but none of the other witnesses testified that the glass was broken before it came into contact with Damba's face. We may assume that the jury did not accept the testimony that the glass was broken before it was swung by the defendant as she was not found guilty of the first count of the indictment.

At the close of the People's case defendant's counsel moved to dismiss the indictment and pointed out to the court that the People were required to establish two intents, first an intent to commit the assault and, second, an intent to inflict grievous bodily harm. We think counsel correctly stated the law of the case. (*People* v. *Katz*, 290 N. Y. 361, 364, 365; *People* v. *Osinski*, 281 N. Y. 129, 131; *People* v. *Finn*, 275 App. Div. 65, 67.) The court correctly denied the motion as the evidence presented questions of fact for the jury.

In the court's charge he touched upon the element of intent but did not specifically tell the jury that in order for them to find the defendant guilty of the second count of the indictment they must find that the defendant had an intent to inflict " grievous bodily harm." After the jury had retired to the jury room they returned in a short time and asked to be instructed on " The law pertaining to the indictment." The court then read both counts of the indictment and said: " As you will note, it is alleged in the first count that this crime was committed by and with the use of a sharp instrument likely to produce grievous bodily harm, whereas in the second count there is no mention made of the instrument but the defendant is accused of wounding and inflicting grievous bodily harm upon Edward Damba. Now, you can find the defendant guilty or not guilty on either one or both of these counts. That is for you to decide.— Your verdict can be either guilty or not guilty on the first count, and either guilty or not guilty on the second count.— Is that all? "

With those instructions the jury had no choice but to convict the defendant of the crime alleged in the second count of the indictment, as there was no question concerning the serious injuries received by Damba. While it does not appear in the record that defendant's counsel had specifically requested a charge on intent, he had called the court's attention to that rule of law in moving for a dismissal of the indictment and we think it was error for the court to fail to instruct the jury on this element of the crime charged. We also think that the court should have charged assault, third degree, for the reason that, under the circumstances here shown, the jury might reasonably have found the defendant guilty of that crime.

The judgment of conviction should be reversed and a new trial granted.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment of conviction reversed, on the law and facts and a new trial granted.