THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARY SMITH, Appellant.

Fourth Department, April 13, 1955.

*Edward J. Desmond* for appellant.

*John F. Dwyer, District Attorney* (*Frederick M. Marshall* of counsel), for respondent.

*Per Curiam.* The appellant was tried upon an indictment charging her with the crime of assault in the second degree in two counts. The first count charged the alleged assault under subdivision 4 of section 242 of the Penal Law " by the use of a blunt instrument likely to produce grievous bodily harm." On this count, appellant was acquitted by the jury. The second count, pursuant to subdivision 3 of said section 242, charged the crime in the words: " feloniously assaulted Stephen Dubisz, wounding and inflicting grievous bodily harm upon him." Appellant was found guilty on the second count.

We are convinced, upon this record, that the verdict of guilty on the second count is against the weight of evidence. The only witnesses produced by the prosecution who claimed to have any knowledge of the alleged assault were the complainant himself and one other who, at best, saw only a part of the occurrences. The complainant, an interested witness, unfolded an almost incredible account of what happened. He was a convict and had been held in the county jail as a material witness in this prosecution. As to the other witness for the People, it is not quite clear whether he had been held as a material witness. He admitted that he had been several times convicted and that although, as he claimed, he was a friend of the defendant, she had forbidden him to come into her tavern. His testimony is unconvincing.

As against the testimony of the People's witnesses, there is that of the defendant and two unimpeached and disinterested witnesses whose account of the happenings both inside and outside of the restaurant would exonerate the defendant, if believed. Although we recognize that the question of credibility is one for the jury, yet we are of the opinion that, in this case, the finding of guilt is against the weight of evidence.

The verdict is also against the law. There were errors and omissions in the charge which clearly affected the substantial rights of the defendant. There seems to be no reason why the court should read to the jury the provisions of section 240 of the Penal Law relating to assault in the first degree and embodying the elements of an assault with intent to kill or to commit a felony. We think that under the circumstances presented, the court should have charged assault in the third degree as well as assault in the second degree. On the question of credibility of witnesses, the jury should have been instructed as to the weight they might give to the testimony of interested witnesses and witnesses who had been convicted of crime. Since there was a fact question as to whether the complainant or the defend-

ant was the aggressor, the jury should have been instructed, pursuant to section 246 of the Penal Law, as to the use of force not being unlawful in certain cases. It was the duty of the court to instruct the jury that in order to convict the defendant of violation of subdivision 3 of section 242 of the Penal Law, they had to find beyond a reasonable doubt: (1) that the defendant had the intent to commit an assault; and (2) that the defendant had the intent to inflict upon the complainant grievous bodily harm. (*People* v. *Katz,* 290 N. Y. 361; *People* v. *Ball,* 283 App. Div. 285.) The jury was not so instructed.

It is true that the attorney for the defendant made no requests and took no exceptions to the charge as given. Being satisfied that the verdict was against the weight of evidence and against the law, we feel that justice requires that the judgment of conviction be reversed and a new trial ordered pursuant to section 527 of the Code of Criminal Procedure.

All concur. Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.

Judgment of conviction reversed, on the law and facts, and a new trial granted.