THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARIA VASSILAKOU, Appellant.

First Department, November 17, 1959.

*Benjamin N. Feld* of counsel (*Frank I. Tashker,* attorney), for appellant.

*Peter J. O'Connor* of counsel (*Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* Defendant owns a restaurant licensed to sell alcoholic beverages. She has been convicted after a trial at a Court of Special Sessions held by a Magistrate of a violation of

subdivision 6 of section 106 of the Alcoholic Beverage Control Law for permitting the licensed premises "to become disorderly".

The charge as presented to the court by the complaining policeman was that the defendant permitted "actions to occur" in the premises "as to render the said premises disorderly" in that a female dancer wore an abbreviated costume; that she allowed male patrons to "place their hands on various parts of her body"; that she permitted them "to thrust money in bill form into the said bra she was wearing, in and about her bosom and also to place money in bill form inside the waistband of the said tights she wore."

If the charge as thus presented to the court in the complaint had been established on the trial, a conviction would have been warranted, since the complaint indicated that the costume itself worn by the dancer was an element of disorder as well as the placing of hands of men patrons "on various parts of her body" and the "thrusting" of money in her bra "in and about her bosom".

But the proof on the trial fell short of showing facts of this magnitude tending to disorder in the licensed premises. The costume itself was affirmatively shown by the People's proof to have been "an ordinary dancing costume" and not itself improper; nothing was shown about the manner of thrusting money in and about the performer's bosom, except that money was placed "inside" parts of the costume. This, of course, depending on a clear description of the way it was actually done, and the place on the body, could mean much, or little, in the incitement to disorder.

As we review this record, the shortcoming in proof and the variance between the complaint as a pleading, and the proof, seem in some measure due to the hurried and routine way in which the facts were established in the court, a judicial proceeding over which the complaining witness had no control; but it also seems apparent that the complainant policeman himself delimited his own proof so that there was a variance between his complaint and his testimony.

For example, although the complaint alleged the use of an abbreviated costume as an element tending to disorder, the witness admitted on cross-examination that "[T]here was nothing lewd or indecent about the thing itself" which was "an ordinary dancing costume".

The thinness of the proof, as it was developed on the trial, of what actually occurred in its relationship to the kind of disorder contemplated by the statute, leads us to the conclusion

that the conviction on this record thus developed is against the weight of the evidence and that justice requires a new trial. (Code Crim. Pro., § 527; *People* v. *Sherlock,* 166 N. Y. 180, 183; *People* v. *Mendola,* 2 N Y 2d 270, 274, 275, 278; *People* v. *Feldman,* 77 App. Div. 639; *People* v. *Farina,* 134 App. Div. 110; *People* v. *Moyer,* 186 App. Div. 278; *People* v. *Di Nuzzo,* 233 App. Div. 783; *People* v. *Flynn,* 275 App. Div. 350; *People* v. *Smith,* 285 App. Div. 590; *People* v. *Savage,* 5 A D 2d 846.)

The judgment of conviction should be reversed on the law and the facts and a new trial ordered.

BOTEIN, P. J., RABIN, M. M. FRANK, VALENTE and BERGAN, JJ., concur.

Judgment unanimously reversed upon the law and upon the facts, the fine remitted, and a new trial ordered.