■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD DUNCAN, Appellant.— Appeal by defendant from a judgment of the County Court, Dutchess County, rendered February 16, 1960, convicting him, on his plea of guilty, upon one count of conspiracy, a misdemeanor, in violation of section 580 of the Penal Law, and upon four counts of criminally receiving and withholding stolen goods, as a felony, in violation of section 1308 of the Penal Law; and sentencing him on the fourth count of the indictment, as a third felony offender, to serve a term of 7½ to 15 years, said sentence to cover the three other felony counts in the indictment; and suspending sentence on the first count of conspiracy. Judgment affirmed. No opinion. Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE QUINTON HULL, Appellant.— Appeal by defendant (1) from a judgment of the County Court, Nassau County, rendered January 16, 1959, convicting him, after a jury trial, of assault in the second degree, and sentencing him to serve a term of one to five years and to pay a fine of $1,000, the execution of the prison term being suspended and the fine having been thereafter paid; and (2) from every intermediate order made in the action. While defendant was convicted of assault in the second degree, he had been indicted and tried for manslaughter in the same degree. Judgment reversed upon the law and the facts, fine remitted, and a new trial ordered. In our opinion, the verdict was against the weight of the evidence. The proof was sufficient to warrant a finding that, within the meaning of subdivision 3 of section 242 of the Penal Law, defendant inflicted "grievous bodily harm" upon the deceased by kicking her in the abdomen with such force as to rupture her liver, which resulted in her death. We find no evidence, however, that when defendant did so, he had the coextensive intent to inflict any "grievous bodily harm" on decedent. Proof of such an intent is an essential element of the crime of assault in the second degree (*People* v. *Katz*, 290 N. Y. 361; *People* v. *Finn*, 275 App. Div. 65; *People* v. *Smith*, 285 App. Div. 590). We are also of the opinion that the trial court's charge as to assault in the third degree did not fully and adequately explain the differences between that crime and assault in the second degree. The jury might have found defendant guilty of assault in the third degree following a proper charge and, while defendant took no exception, we may order a new trial in the interests of justice (*People* v. *Smith*, *supra*; *People* v. *Coleman*, 7 A D 2d 155; *People* v. *Wood*, 10 A D 2d 231; Code Crim. Pro., § 527). No separate appeal lies from the intermediate orders, which have been reviewed upon the appeal from the judgment of conviction. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ HARRY E. SELTZER, Respondent, v. CORINNE N. SELTZER et al., Appellants.— In an action for judgment: (a) declaring that plaintiff is the lawful husband of the female defendant, that an Alabama decree of divorce purporting to dissolve the marriage between them is void and, that her purported subsequent marriage to the male defendant is void; and (b) awarding to the plaintiff custody of the child of the first marriage, the defendants appeal from an order of the Supreme Court, Nassau County, dated May 18, 1960, denying their motion to change the venue of the action from Nassau County to Westchester County. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur.