## (June 30, 1961)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY CARTER, Appellant.

MEMORANDUM by the Court. The defendant received a fair trial. There were no exceptions to the Judge's charge nor was there any request to add to the

charge concerning intent. The verdict certainly is not against the weight of the evidence. Therefore, if we are to reverse we must do so in the interest of justice (Code Crim. Pro., § 527). Surely the interest of justice does not require reversal in this case.

Judgment of conviction affirmed.

GOLDMAN, J. (dissenting) — Defendant was indicted for assault, first degree, on the charge that he had stabbed his wife several times with a butcher knife. The jury returned a verdict of guilty of assault in the second degree. The principal witnesses at the trial were the wife and the defendant. The wife testified that the defendant had the knife concealed under his pillow and during a quarrel jumped out of bed and committed the assault. The defendant sharply denied this and maintained that his wife attacked him while he was in bed, that she had the knife in her hand at the time and that in defending himself he " went beserk and slashed at her ". He had no recollection of having cut his wife but there is no doubt that she was seriously wounded during the struggle.

The court charged the elements of assault, first degree. It then charged the jury that if they were not satisfied that the defendant had committed the crime of assault, first degree, they should then " examine the lower degree of the same crime which is assault, second degree * * *. You find him guilty of the lesser degree only if you are satisfied that he is not guilty of the more serious crime ". Thereupon the trial court read subdivisions 3 and 4 of section 242 of the Penal Law and followed this with " You will notice there is no intent to kill, merely an assault with something that inflicts grievous bodily harm. You examine the testimony and if after you do that you're not satisfied that he assaulted her with a dangerous weapon and the injuries inflicted or sustained were not serious, then you examine the lesser degree of the same crime, assault in the third degree ". Except for reading the statute, the court did nothing to advise the jury that in order to find defendant guilty of assault second there must be specific intent to commit the crime. It was of no assistance to the jury in understanding the need for intent simply to have read to them subdivisions 3 and 4 which use the words " wilfully and wrongfully ". This was clearly stated in *People* v. *Katz* (290 N. Y. 361) where the court wrote at pages 364 and 365:

" Because of this failure of the court to reiterate the necessity of finding specific intent to inflict grievous bodily harm as an element of assault in the second degree, we cannot say that the jury did not convict this defendant upon a finding alone of grevious bodily harm.

" * * * The words of the statute are ' wilfully and wrongfully wounds or inflicts grievous bodily harm upon another * * *.' (Penal Law, § 242).— In other words, as the statute reads, the requirement as to intent is coextensive with the act prohibited. If the legislative intent were otherwise the statute would read ' a person who with intent to injure inflicts grievous bodily harm.' Subdivision four of the same section uses the same phrase ' wilfully and wrongfully ' in the same setting as it appears in subdivision three, and this same phrase so appearing in subdivision four has been construed to require a specific intent. (*People* v. *Rytel,* 284 N. Y. 242, 245; *People* v. *Osinski,* 281 N. Y. 129, 131.) In addition, assault in the second degree is a felony (Penal Law, § 243; *People* v. *Rytel, supra,* at p. 246), whereas simple assault is only a misdemeanor."

To have charged the jury that " You find him guilty of a lesser degree only if you are not satisfied that he is guilty of a more serious crime " was the wrong way of informing the jury that a verdict of guilty for a lesser degree could only be found if the jury believed the evidence did not establish the greater degree but did find beyond a reasonable doubt, that the evidence established the lesser degree (*People* v. *Downs,* 56 Hun 5, aff'd. 123 N. Y. 558). Although the

testimony of the defendant seems to the writer to have a greater ring of truth-fulness, the jury would have been justified in convicting defendant of assault first if it believed the testimony of the wife. If the jury accepted her version of the assault, it is difficult to understand why the defendant was not convicted of assault first. The finding of guilty of assault second seems to be a clear compromise which the jury might not have made if it had been instructed properly as to the need for finding specific intent before it could find defendant guilty. (Also, see, *People* v. *Osinski*, 281 N. Y. 129; *People* v. *Young*, 12 A D 2d 262; *People* v. *Wood*, 10 A D 2d 231; *People* v. *Ball*, 283 App. Div. 285; *People* v. *Finn*, 275 App. Div. 65.)

A jury has no right to convict a defendant of any degree of crime because there is doubt as to whether he committed the greater or lesser degree arising from incertitude as to elements constituting the various degrees. Doubts there must be when the elements constituting the lesser degree are never explained to the jury in such fashion that they can reasonably determine whether the lesser degree has been proved. Under these circumstances, the defendant is prejudiced by the omission to adequately instruct and the error is not harmless (24 C. J. S., Criminal Law, § 1922, pp. 1010–1016).

Assault in the second degree is not clearly defined by reference to the elements of assault in the first degree. The Trial Judge at the outset of the definition of assault in the second degree couched his explanation of it in terms of assault first degree by asking the jury to recall what must be found for assault in the first degree, to wit: they must satisfy themselves that there was " assault with one of the more dangerous weapons "; " the knife here in evidence * * * is a weapon capable of producing death "; " the wounds inflicted upon this woman by that knife were inflicted by this defendant and with that knife ". Thereupon the trial court instructed the jury that if they were not satisfied that the knife was a dangerous weapon or that the wounds were serious and could have been fatal, they were then to consider assault in the second degree which, after reading the statutory definition, he explained by saying: " You will notice that there is no intent to kill, merely an assault with something that inflicts grievous bodily harm ". Not one word about specific felonious intent. The jury was led to believe that in order to find the defendant guilty of assault second they need not find that the defendant intended to inflict grievous bodily harm. Furthermore, assault in the second degree is not merely assault with something that inflicts grievous bodily harm, absent an intent to kill. Accordingly, the jury was in effect precluded from choosing between alternative degrees of the crime and the defendant was denied a fair trial because of lack of adequate instructions as to the degrees of the crime for which he was indicted (*People* v. *Clemente*, 285 App. Div. 258, affd. 309 N. Y. 890).

The trial court falls far short of its duty if it does nothing more than read the statute verbatim. It must explain to the jury that to convict for assault in the second degree they must find that the defendant had the intent to inflict grievous bodily harm (*People* v. *Ball*, 283 App. Div. 285, *supra*). There must not only be an intent to assault but also a coextensive intent to cause grievous bodily harm (*People* v. *Katz*, 290 N. Y. 361, *supra; People* v. *Finn*, 275 App. Div. 65, *supra*). A criminal intent, united with an overt act concurring in point of time, is a necessary ingredient of the crime of assault in the second degree (Penal Law, § 242; *People* v. *Young, supra; People* v. *Walrath*, 279 App. Div. 56; 1 Wharton, Criminal Law and Procedure [Anderson ed.], § 330).

The power of the Appellate Division to order a new trial is clear irrespective of the failure of the defense to have excepted to the error (*People* v. *Minkowitz*, 220 N. Y. 399; *People* v. *Wood*, 10 A D 2d 231, *supra; People* v. *Coleman*, 7 A D 2d 155; *People* v. *Kathan*, 136 App. Div. 303; *People* v. *Farina*, 134 App.

Div. 110). The Trial Judge has a duty to give an adequate and balanced instruction to the jury and if failure to do this is of sufficient importance, this court, under its express power of review on appeal, regardless of exception, will examine the charge to determine if the duty of adequate and clear guidance has been met (Code Crim. Pro., § 527; *People* v. *Johnson*, 6 A D 2d 181). A charge is improper and inadequate if it does not instruct as to the various degrees of the crime charged and advise the jury under what conditions of the proof and of their conclusions they may render a verdict of guilty of a lesser degree (*People* v. *Jordan*, 125 App. Div. 522).

The defendant came into court with a clean and unblemished record. It is fundamental in our system of jurisprudence that the accused shall have a fair trial and, if that right has been infringed in a substantial manner, he should have another trial (*People* v. *Becker*, 210 N. Y. 274, 311). However strong the proof of guilt, if the appellant did not have a fair trail, the judgment of conviction should be reversed and a new trial ordered (*People* v. *Wolf*, 183 N. Y. 464) and "a trial is not fair if the verdict may be related to errors in the judge's charge. Error is substantial when we can say that it tended to influence the verdict" (*People* v. *Sobieskoda*, 235 N. Y. 411, 420; *People* v. *Savvides*, 1 N Y 2d 554; *People* v. *Mleczko*, 298 N. Y. 153). Convincing proof of guilt does not foreclose a defendant's right to a fair trial. There are few, if any, principles more fundamental to our legal system and more pristine in connection with our heritage.

All concur, except Goldman and Henry, JJ., who dissent and vote for reversal and a new trial, in an opinion by Goldman, J., in which Henry, J., concurs. Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

Judgment of conviction affirmed.