■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HIDER ELHAGE, Appellant.— ▬▬▬▬▬▬▬▬▬▬ Memorandum: The evidence fails to show that the defendant committed either of the crimes for which he was convicted, or any other degree of such crimes. Therefore, the judgment of conviction must be reversed and the indictment dismissed. One other matter, however, requires comment. The acts charged against defendant were that he broke into a tool shed on complainant's son's property and feloniously took and drove away a tractor, with certain attachments, that belonged to complainant and his son. The defense was that defendant held a chattel mortgage which covered the tractor and which was in default, and that he repossessed the tractor in good faith and with legal right. The defendant endeavored to elicit testimony that he acted in accordance with legal advice, but neither he nor his lawyer was permitted to testify as to what advice the lawyer had given. This was error that would require reversal and a new trial in any event. In order that he be convicted of burglary, third degree, the prosecution had the burden of proving that he broke into and entered the building "With intent to commit a crime therein." (Penal Law, § 404). A conviction for larceny requires proof of "intent to deprive or defraud another of the use and benefit of [his] property" (Penal Law § 1290). Therefore, the testimony which he attempted to adduce was highly important on the question of whether there was intent or lack of intent on defendant's part. The failure to receive such evidence was reversible error. (*People* v. *Katz*.

290 N. Y. 361; *People* v. *Wood*, 10 A D 2d 231; *People* v. *Ball*, 283 App. Div. 285.) (Appeal from judgment of conviction of Oswego County Court, convicting the defendant of the crimes of grand larceny, second degree, and burglary, third degree.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.