■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD J. WALLS, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: The indictment herein charged defendant with assault, first degree. Following a trial he was found guilty of assault, second degree. At the time of the alleged crime defendant, operating a motor vehicle and accompanied by his 14-year-old son, was pursuing another vehicle operated by one Isaac who had been keeping company with defendant's estranged wife. The actual shot that struck Isaac's car was concededly fired by the son. The extent of defendant's implication in the assault was proof of a remark made to the son during the course of the pursuit to the effect that "if you are going to shoot, fire now." The son testified that he aimed at the trunk of Isaac's car; that he did not aim at Isaac and had no intent to kill him — only to scare him. At the outset it should be noted that the trial court submitted to the jury the issue as to whether certain statements made by defendant were voluntary. Thus, minimally a hearing would be required on that question. (*People* v. *Huntley,* 15 N Y 2d 72.) But there were other errors and deficiencies in the charge that mandate a new trial. In the first place the trial court failed to marshall the evidence. We have condemned this omission so many times that repetition should be unnecessary (*People* v. *Tisdale,* 18 A D 2d 274, 277 and cases therein cited). The reason for such omission is apparent. Any attempt to summarize the proof would have emphasized the difficulty of applying the facts to the legal instructions as given. The jury not unexpectedly was confused and after deliberating some hours returned and inquired if "merely intending to scare a person intends bodily harm"? The reply of the court, as might be expected, was ambivalent. The verdict as returned must have been based upon a finding that when the son fired the shot it was done with intent on the part of appellant that grievous bodily harm should be inflicted on the complainant. (Cf. *People* v. *Katz,* 290 N. Y. 361, 365.) In the normal case where the defendant fires the shot or otherwise commits an assault intent may be established by inference from the act itself. But where the intent "which is an essential element of a crime, can be established only by inference from another fact, and the latter fact is not shown by direct evidence but must itself be derived from the existence of another event, the testimony is ordinarily too slight to permit the question to be submitted to the jury." (*People* v. *Osinski,* 281 N. Y. 129, 131.) Any finding of the jury that defendant possessed the intent to kill or to do bodily harm would be no more than a surmise on the evidence presented. In the event of a new trial the court should charge the crime of assault, third degree. (Cf. *People* v. *Mussenden,* 308 N. Y. 558, 563.) As to that crime (unlike the higher degree of assaults) proof of a specific intent is not required but only evidence of a general criminal intent. (Cf. *People* v. *Yeager,* 7 A D 2d 322.) (Appeal from judgment of Monroe County Court, convicting defendant of assault, second degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.