■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GORDON RIFENBURGH, Appellant.— HERLIHY, J.  Appeal by the defendant from a judgment of conviction of the crime of assault in the second degree.  The indictment had charged assault in the first degree but the jury convicted the defendant of the lesser charge.  The defendant contends that the People failed to prove the element of intent beyond a reasonable doubt.  To sustain the verdict, there must be proof (1) that the defendant did the shooting and (2) that the act was done with the specific intent to inflict grievous bodily harm.  (*People* v. *Osinski*, 281 N. Y. 129.)  At the trial the prosecution established that shortly before the shooting, the defendant, in an intoxicated condition, entered the kitchen of his residence and there engaged in an argument with his sons and that he thereafter went into an adjoining bedroom.  Within a short period of time a shot was heard, the bullet striking one of his sons.  The other son went into the bedroom and took a rifle from the defendant's hands.  Thereafter an empty cartridge was found on the bedroom floor.  The proof is beyond doubt that the defendant caused the gun to discharge in such a manner as to wound his son.  The issue of specific intent raises a more serious question.  Even considering the conduct of the defendant following the shooting, there was no direct or circumstantial evidence to establish that fact beyond a reasonable doubt.  The District Attorney called both sons of the defendant to testify and the son who was wounded denied that his father had threatened him.  The other son testified that he had no recollection of any such threat, whereupon the prosecution introduced into evidence a written statement, signed by him, in which he stated that his father had threatened to shoot his brother.  It was admitted solely on the issue of the credibility of the witness and could not constitute affirmative evidence against the defendant.  (*People* v. *Freeman,* 9 N Y 2d 600, 605; *People* v. *Shingles,* 281 App. Div. 647.)  Without the statement, there was no proof of specific intent and in order to convict, the jury must have inferred the requisite intent from the statement, contrary to the charge of the court.  (See *People* v. *Adams,* 21 N Y 2d 397.)  A District Attorney should be quite circumspect in references to such technically admissible statements during summation.  (*People* v. *Adams, supra.*)  Criminal intent is proven by direct and

circumstantial evidence. The guideline as to circumstantial evidence has been established in *People* v. *Weiss* (290 N. Y. 160, 163) where the court said: " In such circumstances, the facts from which the inferences are to be drawn must be established by direct proof: the inferences may not be based upon conjecture, supposition, suggestion, speculation or upon other inferences: the conclusion sought must flow naturally from the proven facts and be consistent with them all; the proven facts must exclude to a moral certainty every hypothesis except that of guilt or of the offense charged and not alone must all the proven facts be consistent with and point to guilt, but they must be inconsistent with innocence (*People* v. *Fitzgerald,* 156 N. Y. 253; *People* v. *Razezicz,* 206 N. Y. 249; *People* v. *Woltering,* 275 N. Y. 51)." Judgment reversed, on the law and the facts, and indictment dismissed. Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur in memorandum by Herlihy, J.