## (October 31, 1968)

■ SAMUEL HART, Appellant, v. GUS PANTILIDES, Respondent.— Appeal from order entered May 24, 1967, dismissed as untimely, without costs or disbursements. The record in this case is woefully defective. The notice of appeal appearing in the record, which there is every reason to believe is not the notice upon which plaintiff is proceeding, is dated August 31, 1967, and purports to bring up for review an order dated May 24, 1967. Such a notice would be prima facie untimely and is attacked in respondent's brief. Respondent refers to another notice of appeal which is nearly a year later in date. Appellant has made no response at all to any of respondent's claims as to the appeal being barred by limitation of time. However, while it appears prima facie that the appeal is untimely (see Matter of Stern Bros. [Livingston], 2 A D 2d 553, 556) we recognize that there may be circumstances under which the appeal would be timely (Matter of Katz, 13 N Y 2d 924; see, also, 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5513.03). No satisfactory determination can be made on this record, lacking as it does any proof as to the entry of the order, the date of the motion for reargument, and any facts as to appellant's knowledge or ignorance of the entry of the order appealed from. Under these circumstances we feel obliged to proceed in view of the challenge on the limited record, but we would entertain a motion for reargument of this disposition upon a complete record, if appellant is so advised. Concur — Stevens, J. P., Steuer, Capozzoli, Tilzer and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MUHAMMAD ABDULLAH, Appellant.— Judgment of conviction unanimously modified, on the law, to vacate conviction of defendant for assault in the second degree, the third count in the indictment charging defendant with assault in the second degree dismissed, and judgment otherwise affirmed. On the basis of the record, the evidence is insufficient to establish beyond a reasonable doubt the guilt of defendant of the charge of assault in the second degree, and the People so concede. (See People v. Walrath, 279 App. Div. 56, 58; People v. Wood, 10 A D 2d 231, 236; see, also, 6 C. J. S., Assault and Battery, §§ 60–61, 63.) Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and McGivern, JJ.