■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEMEN LINZY, Appellant.—Judgment, County Court, Chemung County, rendered on August 27, 1974, affirmed. No opinion. Greenblott, J. P., Kane and Reynolds, JJ., concur; Sweeney and Main, JJ., dissent and vote to reverse in a memorandum by Sweeney, J. Sweeney, J. (dissenting). The defendant was indicted for the crime of assault in the second degree. At the time of the alleged assault, defendant and others indicted for the assault, together with the victims, were all inmates of Elmira Correctional Facility. More specifically, defendant was charged in two counts with "acting with the mental culpability required for the commission of the crime of Assault in the Second Degree" in that he "solicited, importuned and intentionally aided one John Gamble in the commission of said crime by handing to John Gamble a * * * mop wringer handle and the said John Gamble did thereafter cause physical injury to" one Hawley and one Kennedy by "striking" each of them "with the aforesaid mop wringer handle." Defendant's indictment was severed and he was tried before the court without a jury and found guilty of assault in the second degree. The majority affirms this conviction but we are unable to agree. An examination of the record, in our view, does not establish sufficient evidence to justify a finding of guilty of assault, second degree. The record demonstrates that defendant did not actually participate in the assault itself. His guilt is predicated largely on the testimony that he was seen passing a pipe just prior to the assault to one Gamble who participated in the assault. The record, in our opinion, lacks evidence that defendant intended to inflict harm on the victims, and, therefore, is legally insufficient to sustain the conviction. It should be reversed and the indictment dismissed. (People v Lindsey, 12 NY2d 421; People v Walls, 24 AD2d 529.)