452 P.2d 486

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jack Dee KENNEDY, Defendant-Appellant.**

**No. 244.**

Court of Appeals of New Mexico.
March 14, 1969.

Don M. Fedric, Roswell, for defendant-appellant.

Boston E. Witt, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant was convicted by a jury of burglary and larceny. He appeals relying on the following points for reversal:

1. The district court erred in overruling defendant's objections to introduction of evidence obtained from police searches and seizures, without warrants, but upon consent of defendant's wife.

2. The district court erred in denying defendant's motion to dismiss the charges against him at the conclusion of the prosecution's case.

Modern Lumber Company was burglarized and a television set and skill saw were taken. Police officers found a shoe impression on the burglarized premises and made a plaster cast of the imprint. Subsequently, and for reasons not disclosed by the record, the defendant was arrested. While defendant was in police custody, his wife, at their residence, signed a general consent to search. Apparently her consent was given freely and without coercion. She was told its purpose was to allow the police to take the television set which was in the house. This was the same set stolen from the lumber company. Subsequently defendant's wife was at the police station and according to police testimony, she was asked if her husband owned any boots, tennis shoes or crepe soled shoes. She stated he did and she was then asked if the police could see them. She agreed and went with

the police officer to the Kennedy home. Mrs. Kennedy testified the police asked specifically about tennis shoes, not boots, and in response she stated he had a pair of tennis shoes and consented to show them to the police. Mrs. Kennedy testified she and the police officer went through some boxes in the hall but did not find the tennis shoes. She then left the officer in the kitchen, went to the bedroom and found them in a suitcase. When she returned she found the officer in the hall holding the boots. She did not remember whether or not he asked to take the boots to the police station.

The police officer testified he had oral consent to take the boots and that Mrs. Kennedy found a pair of tennis shoes, a pair of boots and a pair of shoes in a bedroom and in his presence laid them out on the floor.

The television set was admitted over defendant's objection that the securing of the television set by the police was an illegal search and seizure. The court also ruled, on defendant's *motion to suppress and strike the evidence,* "* * * that prior to going to the house, on the occasion when the boots were secured, Officer Rogers did request of the Witness [Mrs. Kennedy] regarding boots, shoes and tennis shoes, and she took him there for the purpose of showing him all of the articles, and that she did show him the boots which are now in evidence, and agreed that he might take them. On the basis of the finding, the Court will hold that the search was lawful, and the evidence will remain in. * * *"

■ If a search and seizure is reasonable, as that term is defined and understood, it will not violate the constitutional mandate, but reasonableness must be determined by the facts and circumstances of each case. See *United States v. Rabinowitz,* 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950).

■ The burden of proving voluntariness of a consent to search and seize is on the State. State v. Herring, 77 N.M. 232,

421 P.2d 767 (1966); see State v. Williamson, 78 N.M. 751, 438 P.2d 161 (1968).

Defendant contends that his wife's consent could not waive his constitutional right to be secure against unreasonable searches and seizures. The issue, as presented by defendant, is whether the wife's consent was sufficient and not whether the wife's consent was in behalf of her husband. Nelson v. People of State of California, 346 F.2d 73 (9th Cir. 1965), cert. denied, 382 U.S. 964, 86 S.Ct. 452, 15 L.Ed.2d 367 (1965); Roberts v. United States, 332 F.2d 892 (8th Cir. 1964), cert. denied, 380 U.S. 980, 85 S.Ct. 1344, 14 L. Ed.2d 274 (1965).

A number of jurisdictions hold a search without a warrant to be valid, if conducted pursuant to the consent of one in control of the premises. Maxwell v. Stephens, 348 F.2d 325 (8th Cir. 1965), cert. denied, 382 U.S. 944, 86 S.Ct. 387, 15 L.Ed.2d 353 (1965); Nelson v. People of State of California, supra; Stein v. United States, 166 F.2d 851 (9th Cir. 1948), cert. denied 334 U.S. 844, 68 S.Ct. 1512, 92 L.Ed. 1768 (1948); see United States v. Alloway, 397 F.2d 105 (6th Cir. 1968).

■ The wife, as a joint possessor, may consent to a search in her own right and the items taken by her consent can be used in evidence against the other joint possessor. Wade v. Warden, Maryland Penitentiary, 278 F.Supp. 904 (D.Md.1968); see Roberts v. United States, supra. Mrs. Kennedy was exercising her right to consent as a joint possessor and the items taken were introduced in evidence against the other possessor, her husband.

■ Defendant contends that the boots were personal effects and accordingly the wife's consent to their taking was invalid. We disagree. Defendant and his wife were living together and there is no showing that any particular area was reserved to defendant, and no showing that the boots were taken from an area reserved for defendant's exclusive use. Compare Reeves v. Warden, Maryland Penitentiary, 346 F.2d 915 (4th Cir. 1965); Holzhey v.

United States, 223 F.2d 823 (5th Cir. 1955). Where there is no showing that defendant's personal effects were taken from an area reserved to defendant's exclusive use, and the wife, as a joint possessor of the premises consents to the taking of the personal effects, the consent is valid. Nelson v. People of State of California, supra.

There is no claim that the wife's consent resulted from fraud, coercion or threat by the police. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654 (1921).

 The wife's consent under the facts was sufficient and the admission into evidence of the television and boots was proper.

Defendant next contends that substantial evidence was not present to support the verdict of the jury. We disagree.

A guilty verdict, supported by substantial evidence, may not be overturned on appeal. State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965). This court in determining whether there is substantial evidence to support a conviction will view the evidence and inferences in a light most favorable to the prosecution. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct.App.1967). Where circumstances alone are relied upon by the prosecution, the circumstances must be such as to apply exclusively to defendant, and such as are reconcilable with no other hypothesis than defendant's guilt. State v. Slade, supra; State v. Seal, supra; see State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct. App.1967).

Defendant testified he found the new television set on the edge of his property and he took it into his house. He did not report this to the police. He kept the set for a month, made certain repairs and continued to use it. A week after the alleged finding of the set, defendant saw an article in the newspaper regarding the stolen set. He still made no report to the police.

The plaster cast of the boot imprint was shown to the jury together with defendant's boots. Many similarities were pointed out, such as width, length, rib marks, and other unique impression lines.

The circumstances were such that they applied only to defendant. No reasonable hypothesis, other than the guilt of defendant, is supportable. The motion to dismiss at the conclusion of the prosecution's case was properly denied.

The judgment and sentence is affirmed. It is so ordered.

OMAN and WOOD, JJ., concur.