466 P.2d 551

STATE of New Mexico, Plaintiff-Appellee,

v.

David Jose TAPIA, Defendant-Appellant.

No. 8719.

Supreme Court of New Mexico.

Jan. 12, 1970.

Rehearing Denied March 30, 1970.

Lorenzo E. Tapia, Thomas Lee Marek, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Spencer T. King, Vince D'Angelo, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

MOISE, Chief Justice.

Appellant was convicted of murder in the second degree and appeals. He argues two claimed errors by the trial court.

By his first point, appellant asserts that voluntary intoxication, of a degree which would prevent formation of a specific intent to kill, should have an effect in law

of reducing the offense from second degree murder to voluntary manslaughter.

Appellant recognizes that for him to prevail on this point it is necessary that the court reconsider State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966), where we stated unequivocally that "voluntary intoxication is no defense to murder in the second degree," citing State v. Cooley, 19 N.M. 91, 140 P. 1111, 52 L.R.A.,N.S., 230 (1914); State v. Aragon, 35 N.M. 198, 292 P. 225 (1930); State v. Padilla, 66 N.M. 289, 347 P.2d 312, 78 A.L.R.2d 908 (1959).

His argument proceeds on the basis that the court here instructed that, to find appellant guilty of second degree murder, it was necessary that the State prove beyond a reasonable doubt that the "killing was done unlawfully, feloniously, wilfully, with malice aforethought and with premeditation" and then defined the terms "premeditated," "wilfully" and "malice aforethought," as follows:

"PREMEDITATED signifies that which has been resolved upon in the mind and thought out before its manifestation in an act. Premeditated malice exists where the intention to take human life unlawfully is deliberately formed in the mind and that determination is meditated upon before the fatal stroke is given. The law requires no specific time for deliberation and premeditation between the formation and the consummation of the intent or plan to kill. It is only necessary that the intended act of killing be preceded by a concurrence of the will and premeditation on the part of the intending slayer, however brief the period of time may have been theretofore.

"* * *.

"WILFULLY means the doing of an act, knowingly and intentionally, and when it is not the result of accident or misfortune.

"* * *.

"MALICE AFORETHOUGHT exists where the intention, unlawfully, to take human life, is deliberately formed in the mind and that intention thought of before the fatal deed is done. There need be no appreciable space of time between the formation of the intention and the killing itself. It is only necessary that the act of killing be preceded by a concurrence of the will and premeditation on the part of the slayer."

It is his position that, by the quoted definitions, it was made clear that before appellant could be found guilty of second degree murder proof was required that a specific intent "unlawfully, to take human life" was deliberately formed and thought of before he acted. State v. Rayos, 77 N.M. 204, 420 P.2d 314 (1967), a case involving a charge of sexual assault of a female minor under the age of sixteen years, is cited in support of a rule that, in crimes where a specific intent is a necessary element, a showing of intoxication to a degree that would make such an intent impossible would establish a valid defense to the charge. Appellant argues that, in the instant case, the court, by its definition, recognized that a specific intent was required before appellant could be found guilty and, further, that since proof was presented that he was extremely intoxicated, the jury should have been permitted to consider if the intoxication was so great that the specific intent could not have been formed, in which event the appellant could have been found guilty of no greater offense than voluntary manslaughter. Although requested to do so, the court refused to instruct to this effect.

■ Appellant's argument necessarily turns on his view that a specific intent to kill is an element of the crime of murder in the second degree at least under the instructions given by the court in this case. The law of New Mexico, however, is clear that no specific intent to kill is required for a conviction for second degree murder. State v. Smith, 26 N.M. 482, 194 P. 869 (1921); State v. Sanchez, 27 N.M. 62, 196 P. 175 (1921); State v.

Aragon, supra; Torres v. State, 39 N.M. 191, 43 P.2d 929 (1935).

We would agree with the appellant's contention that in crimes where a specific intent is a necessary element, a showing of intoxication to a degree that would make such an intent impossible, would establish a valid defense to the charge. State v. Rayos, supra; compare State v. Padilla, 66 N.M. 289, 347 P.2d 312, 78 A.L.R.2d 908 (1959). But, as noted above, a specific intent is not required for conviction in second degree murder, thus explaining why voluntary intoxication is no defense to such a charge. State v. Cooley, 19 N.M. 91, 140 P. 1111, 52 L.R.A.,N.S., 230 (1914); State v. Aragon, supra; State v. Padilla, supra; State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966).

We would add a word to the effect that if the instructions required a specific intent in order to convict of second degree murder, and we doubt that they did, the appellant should not be heard to complain that a greater burden was placed on the State than required by law. He certainly suffered no prejudice thereby —neither could that fact alter the rules so as to require submitting to the jury an instruction concerning reducing the degree of homicide contrary to law as heretofore announced by this court. In other words, the fact that the jury was required to find elements not necessary for conviction of second degree murder present before entitled to convict could not alter the rule that intoxication which prevented formation of a specific intent would not reduce second degree murder, where specific intent is not required, to manslaughter. Therefore, the appellant's Point I is ruled against him.

By his Point II, appellant claims reversible error in having been put to trial at the same term during which the charges against him arose. He bases his claim of error in this regard on the provisions of § 41–3–12, N.M.S.A.1953, to the effect that, when a prisoner is held for trial by a magistrate, it shall be the duty of the magistrate to "by recognizance, summon the prosecutor and all material witnesses against the prisoner, to. appear and testify before the court having cognizance of such offense, *on the first day of the next term thereof,* and not to depart from such court without leave" (emphasis added), as well as § 41–3–13, N.M.S.A.1953, which provides that where an offense is bailable, a proper bond shall be taken for appearance of the accused "before the court having cognizance thereof, *on the first day of next term thereof,* and not to depart from such court without leave." (Emphasis added.) He also points to § 41–3–15, N.M.S.A.1953, which requires the magistrate to file pertinent papers in the district court before *the first day of the next term* of that court.

Although appellant objected to being tried during the same term in which he was charged, he did not assert that he was in any way hampered in the preparation of his defense, or that he was otherwise prejudiced thereby.

We see nothing in the statutes relied upon, beyond a directive to the magistrate concerning the time for making bonds and recognizances returnable and for filing papers. Where, as here, the accused and all witnesses are present and available, nothing in the two sections of the statute in any way suggests that it is improper to proceed with the trial. Compare State v. Roy, 40 N.M. 397, 60 P.2d 646, 647, 110 A.L.R. 1 (1936); State v. Kelly, 27 N.M. 412, 202 P. 524, 21 A.L.R. 156 (1921). Neither are we impressed that there is any basis for an assertion that appellant was thereby denied any rights guaranteed him by the Sixth Amendment to the Constitution of the United States, or by art. II, § 14, of the New Mexico Constitution. As a matter of fact, it would seem that appellant's argument runs counter to the requirement for a speedy trial contained in both provisions. The complaint voiced here is to the effect that the court proceeded too speedily. We find nothing contrary to the constitution in this,

particularly since, as already noted, no claim of prejudice or lack of time to prepare is advanced, or is it made to appear that appellant was thereby denied any other right guaranteed by either of these provisions.

Although cited by appellant in support of his position, State v. Melendrez, 49 N.M. 181, 159 P.2d 768 (1945), in our opinion, gives aid to our conclusion that the references to the time when recognizances and bonds are to be made returnable, are in no sense to be considered as limitations on the time when a person may be placed on trial. Point II is found to be lacking in merit.

No reversible error being present, the cause is affirmed.

It is so ordered.

COMPTON, J., and JAMES W. MUSGROVE, District Judge, concur.