490 P.2d 470

STATE of New Mexico, Plaintiff-Appellee,

v.

Robert Dan PEDRO, Defendant-Appellant.

No. 660.

Court of Appeals of New Mexico.

Oct. 15, 1971.

Scott McCarty, Albuquerque, David H. Getches, Richard B. Collins, Jr., Native American Rights Fund, Boulder, Colo., for defendant-appellant.

David L. Norvell, Atty. Gen., Leila Andrews, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of violating § 54–5–16, N.M. S.A.1953 (Repl.Vol. 8, pt. 2), defendant appeals. The portion of § 54–5–16, supra, involved in this appeal makes it unlawful "* * * to possess, * * * anhalonium, commonly known as peyote or pellote; * * *" We need consider only one of the issues raised by defendant; that issue, which is dispositive, is whether the statute requires that possession of anhalonium be intentional.

Section 54–5–16, supra, does not state that the possession must have been intentional. In this situation, judicial construction of the statute is required. State v. Shedoudy, 45 N.M. 516, 118 P.2d 280 (1941). "Intent" is required unless it clearly appears that the Legislature meant to eliminate "intent" as part of the offense. State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969); State v. Davis, 80 N.M. 347, 455 P.2d 851 (Ct.App.1969). It does not clearly appear from the statute that the Legislature intended to make unintentional possession of anhalonium a crime. Accordingly, an intent to possess the anhalonium is required. The same result has been reached in other cases where the statute which prohibited possession did not refer to "intent." As to narcotic drugs, see State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960), State v. Mosier and Mordecai, (Ct. App.), 83 N.M. 208, 213, 490 P.2d 466, 471, State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App.1970); as to mercury, see State v. Davis, supra; as to burglary tools, compare State v. Lawson, 59 N.M. 482, 286 P. 2d 1076 (1955).

In this case, the trial court ruled that "intent" was not an element of the offense of possession of anhalonium. Being of this view, which was erroneous; the trial court did not determine whether there was an intentional possession. We do not remand the case for such a determination because there is no evidence of intentional possession. Neither evidence nor inference in the State's case shows defendant inten-

tionally possessed anhalonium. The defense evidence is to the effect that defendant, an Arapahoe Indian, was treated for an illness by White Oak, an Arapahoe "Indian Doctor;" that after the treatment, defendant was given "medicine" to carry on his person as a "protection;" that defendant did not know the composition of this medicine. This medicine is the substance on which the prosecution is based.

There being no evidence of intentional possession, the conviction is reversed. The cause is remanded with instructions to set aside the judgment and sentence and to dismiss the charge against defendant.

It is so ordered.

HENDLEY and COWAN, JJ., concur.