494 P.2d 184

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Don Aaron LEE, Defendant-Appellant.**

No. 743.

Court of Appeals of New Mexico.

Feb. 4, 1972.

Harvey C. Markley, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COWAN, Judge.

Defendant appeals from a judgment and sentence following his conviction in Lea County, New Mexico, of the crime of burglary contrary to § 40A–16–3, N.M.S.A., 1953 (Repl.Vol. 6), and the crime of taking a vehicle without the consent of the owner, contrary to § 64–9–4(a), N.M.S.A.1953 (Repl.Vol. 9, pt. 2).

We affirm.

The two issues raised by the defendant are insufficiency of the evidence as to both charges and proof of criminal intent as to the charge of auto theft.

Viewed in the light most favorable in support of the verdicts of conviction, the facts are: During the night of February 5, 1971, a building belonging to Levy Auto Sales in Hobbs was burglarized. A key to a 1964 white Ford was taken and the car was subsequently removed from an adjoining lot. Early in the following afternoon, the car lot manager observed the vehicle being driven past the lot and followed it to a nearby filling station. There the police placed the defendant under arrest. His shoes were taken from him at that time and used to make prints for comparison, by photograph, with a footprint found beside the window through which entry into the building was effected. The photographs reflected several similarities, including size and heel markings. They were introduced in evidence for the jury's consideration.

The defendant testified that an acquaintance in a bar had loaned him the vehicle to use for transportation to pick up the defendant's paycheck. This acquaintance could not be located prior to trial.

The defendant admitted dominion, control and possession of the automobile but claimed he did not know it had been stolen.

The question of sufficiency of the evidence in this case is controlled by the opinion of this court in State v. Kennedy, 80 N.M. 152, 452 P.2d 486 (Ct.App.1969), where a stolen television set was found in the defendant's home and a plaster cast of a foot imprint made at the scene of the crime showed marks similar to those on boots found in defendant's home. The court held this evidence sufficient to support a guilty verdict. Where circumstances alone are relied upon by the prosecution, the circumstances must be such as to apply exclusively to defendant, and such as are reconcilable with no other hypothesis than defendant's guilt. However, a guilty verdict, supported by substantial evidence, may not be overturned on appeal. This court, in determining whether there is substantial evidence to support a conviction, will view the evidence and inferences in a light most favorable to the prosecution. State v. Kennedy, supra.

Evidence of both offenses, including testimony and exhibits, was presented to the jury and we are unable to say, as a matter of law, that such evidence was insufficient to support the verdict. It was for the jury to weigh the evidence and pass on the credibility of the witnesses. State v. Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct.App. 1969).

The question of intent is determined by the rule in State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App.1967), that evidence of dominion, control or possession of stolen property is admissible on the question of intent. See also State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App. 1969), and State v. Ortega, 79 N.M. 707, 448 P.2d 813 (Ct.App.1968). From the evidence presented, together with the reasonable inferences that flow therefrom, the jury could find the requisite criminal intent.

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, Judge (concurring in part and dissenting in part).

I concur in the burglary conviction, but dissent from the conviction of violation of § 64-9-4(a) for the reasons stated in my dissenting opinion in State v. Sanchez, 82 N.M. 585, 484 P.2d 1295 (Ct.App.1971).