500 P.2d 451

STATE of New Mexico, Plaintiff-Appellee,

v.

Frankie RAMIREZ, Defendant-Appellant.

No. 888.

Court of Appeals of New Mexico.

July 28, 1972.

Scott McCarty, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The appeal is concerned with instructions on intent under two criminal charges.

Defendant was charged with aggravated battery. Section 40A–3–5(C), N.M.S.A. 1953 (Repl.Vol. 6, Supp.1971). His requested instruction went to his asserted lack of intent to commit aggravated battery because of his intoxication. He claims the trial court erred in refusing the requested instruction.

■ The refused instruction on intent under the aggravated battery charge need not be reviewed. Defendant was not convicted of aggravated battery; he was convicted of the lesser included offense of battery. The instructions pertaining to the intent to commit aggravated battery are simply not pertinent to the battery conviction.

■■ Defendant was also charged, and convicted, of rape. Section 40A–9–2, N. M.S.A.1953 (Repl.Vol. 6). His requested instruction went to his asserted lack of the *specified intent* to commit rape. He claims this request was improperly refused and the instruction given by the court was erroneous. The instruction given informed the jury that "rape requires no specific intent" and that voluntary drunkenness is neither excuse nor justification for the crime of rape. The requested instruction was properly refused because the specific intent to rape is not an element of the crime defined in § 40A–9–2, supra. The instruction given by the court was correct under State v. Scarborough, 55 N.M. 201, 230 P.2d 235 (1951).

Affirmed.

It is so ordered.

COWAN, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

The meaning of "specific intent" and "general intent" in criminal law should be defined in New Mexico as a guide to its use. Specific intent has not been defined generally.

In United States v. Schneiderman, 106 F. Supp. 906 (U.S.D.C.S.D.Calif.1952), Judge Mathes defined specific intent in an instruction to the jury:

A person who knowingly does an act which the law forbids or who knowingly fails to do an act which the law commands, purposely intending to violate the law or recklessly disregarding the law acts with specific intent.

Where specific intent is the gist of the crime, this instruction, if requested, must be given. State v. Gravson, 50 N.M. 147, 172 P.2d 1019 (1946).

Specific intent is the gist of the crime when it is made an ingredient of a statutory offense.

In Armijo v. People, 157 Colo. 217, 402 P.2d 79 (1965), the defendant was convicted of assault with a deadly weapon. The statute contained the words "with intent." The court said:

The distinction in the field of criminal law between a "general intent" and a "specific intent" is a well-recognized one and is of long standing. A given crime may consist of an act combined with a *general* intent or, on the other hand, it may consist of an act combined with a *specific* intent to commit the act, depending entirely upon the particular statute which defines the offense under consideration. Where the statute defining the crime includes a specific intent as an ingredient of its criminality, such specific intent is essential and must be established with the same certainty as any other material element of the crime. See 22 C.J.S. Criminal Law § 32, p. 116.

There is no doubt but that in Colorado, as elsewhere, the specific intent to commit bodily injury upon the person of another is a necessary and essential element of the offense known as assault with a deadly weapon. [Emphasis by the court].

168

The use of the words "with intent" in a statutory offense creates the doctrine of "specific intent." Armijo v. People, supra; State v. Schultz, 1 Ohio Misc. 81, 205 N. E.2d 126 (1964); People v. Neal, 40 Cal. App.2d 115, 104 P.2d 555 (1940); People v. Walrath, 279 App.Div. 56, 108 N.Y.S.2d 54 (1951); State v. Healy, 156 Ohio St. 229, 102 N.E.2d 233 (1951).

For example, "Battery is the unlawful, *intentional* touching or application of force to the person of another, when done in a rude, insolent or angry manner." Section 40A–3–4, N.M.S.A.1953 (Repl.Vol. 6). "Aggravated Battery consists of the unlawful touching or application of force to the person of another *with intent* to injure that person or another." Section 40A–3–5, N.M.S.A.1953 (Repl.Vol. 6, Supp.1971). Rape as defined in § 40A–9–2 omits any reference to "intent." Therefore, specific intent is not an essential ingredient as the majority opinion correctly states. [Emphasis added].

Proof of "specific intent" should be finalized in New Mexico. State v. Trujillo, 54 N.M. 307, 224 P.2d 151 (1950), says that "The majority rule seems to be that the specific intent may be *presumed* from the commission of the prohibited act, . . ." [Emphasis added]. This does not appear to be the general rule. Armijo v. People, supra; 22 C.J.S. Criminal Law § 32. State v. Hatley, 72 N.M. 377, 384 P.2d 252 (1963), says that "this is *inferred* as a matter of law." [Emphasis added]. See People v. Neal, supra. "Specific intent" must be proved as an independent fact, either by direct or circumstantial evidence. 22 C.J.S. Criminal Law § 32. If there is substantial evidence which directly establishes "specific intent" or facts from which it can be inferred, then it is sufficient.

If we do not finalize this matter, proof of "specific intent" and "general intent" will be identical.

On the battery charge for which defendant was convicted, defendant did not request an instruction on "specific intent." Since it was not called to the attention of

the trial court, no error was preserved for review. Section 21–1–1(51) (2) (h), N. M.S.A.1953 (Repl.Vol. 4); State v. Moraga, 82 N.M. 750, 487 P.2d 178 (Ct.App. 1971).