501 P.2d 261

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Salvadore VISCARRA, Defendant-Appellant.**

**No. 906.**

Court of Appeals of New Mexico.

Sept. 8, 1972.

Thomas A. Sandenaw, Jr., Shipley, Durrett, Conway & Sandenaw, Alamogordo, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Defendant was convicted and sentenced for receiving stolen property in excess of $100.00, but less than $2500.00, in violation of § 40A–16–11, N.M.S.A.1953 (Repl.Vol. 6, Supp.1971). Defendant appeals.

We affirm.

Defendant contends, (1) he was entitled to a directed verdict; (2) the trial court failed to instruct on specific intent.

(1) *Defendant was not Entitled to a Directed Verdict.*

When the state rested, defendant moved for a directed verdict because of the state's failure to sustain its burden of proof of the essential elements of the crime. The motion was denied and defendant rested.

Section 40A–16–11, supra, provides in part:

Receiving stolen property consists of buying, procuring, receiving or concealing anything of value, knowing or having reason to believe the same to have been stolen . . .

The record shows that the evening of November 29, 1971, the J. C. Penney store

in Alamogordo was burglarized. Shortly after midnight, the police stopped a pickup truck, in which defendant was an occupant, because the vehicle's tail lights were not working. Numerous identified articles stolen from J. C. Penney were piled in the back of the truck. A witness testified that defendant and the driver of the pickup carried things from the home of a brother of the driver and placed those things in the pickup. It was shortly thereafter that the pickup was stopped by the police. During a conversation between the police officer and the driver of the pickup, the driver said the clothing had been found on a canyon road. The defendant nodded his head in agreement. The false explanation concurred in by defendant is a circumstance indicative of guilt. State v. Johnson, 83 N.M. 29, 498 P.2d 1372 (Ct.App.1972).

The evidence is clear that property had been stolen. From the foregoing facts, the jury could conclude that defendant concealed this stolen property with knowledge it was stolen, and did so with a general criminal intent. State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388 (Ct.App.1970).

■ Defendant relies on Territory v. Graves, 17 N.M. 241, 125 P. 604 (1912), which states that "dishonest intent" is an additional element of this offense. It is not an element of the statutory crime defined in § 40A–16–11, supra, and we decline to hold that "dishonest intent" is an additional element.

Defendant was not entitled to a directed verdict.

(2) *There was no Error in Refusing Defendant's Tendered Instruction on Specific Intent.*

The trial court instructed the jury that one of the material allegations which must be proved to their satisfaction beyond a reasonable doubt was:

(d) That in the concealing of such property he had a wrongful intent with respect thereto.

■■ "Wrongful intent" means wicked or felonious intent. See Brown v. Village of Deming, 56 N.M. 302, 243 P.2d 609 (1952); 22 C.J.S. Criminal Law § 1(e). We believe it falls within the category of general criminal intent and not specific intent. Criminal intent is a mental state, a conscious wrongdoing. State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969).

■ Section 40A–16–11, supra, does not contain such words as "with intent." Specific intent is not an essential element of the crime defined. State v. Ramirez, 84 N.M. 166, 500 P.2d 451 (Ct.App.) decided July 28, 1972.

Defendant's requested instruction characterized the crime as an act which "must be accompanied by a specific or particular intent without which such a crime may not be committed." The trial court did not err in refusing this instruction.

Affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.