503 P.2d 1175

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Raymond L. BACHICHA, Defendant-Appellant.**

**No. 912.**

Court of Appeals of New Mexico.

Oct. 13, 1972.

William H. Carpenter, Mercer & Carpenter, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of the unlawful taking of a vehicle contrary to § 64–9–4, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2) defendant appeals. Defendant's first point relating to failure to instruct on an essential element of the offense (criminal intent) is dispositive of the appeal. We reverse.

The trial court's instructions Nos. 2 and 5 read as follows:

"No. 2—The Statute under which this charge is brought reads as follows: 64–9–4. UNLAWFUL TAKING OF A VEHICLE.—(a) Any person who shall take any vehicle intentionally and without

consent of the owner thereof shall be guilty of a felony."

"No. 5—You are instructed that the intent with which an act is done is a mental process and, as such, generally remains hidden within the mind where it was conceived and is seldom, if ever, susceptible of proof by direct evidence, but must be inferred and established by the acts, conduct and doings of the person having such intent and from the facts and circumstances surrounding such acts, conduct and doings, and in determining the intent with which the defendant in this case committed the act or acts charged in this indictment, if you find that he did so, it is proper for you to consider his acts, conduct and doings together with all the other facts and circumstances proved on the trial of this case."

██ Defendant's trial counsel made no objection to these instructions nor did he request a proper instruction. Defendant's counsel contends that the instruction omitted an essential element of the crime, namely, criminal intent. He further contends that such an omission is jurisdictional and may be raised for the first time on appeal. We agree.

██ Criminal intent is an essential element of the unlawful taking of a vehicle. State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969). Failure to instruct on an essential element is jurisdictional and may be raised the first time on appeal. State v. Walsh, 81 N.M. 65, 463 P.2d 41 (Ct. App.1969).

The state would have us find that an instruction on criminal intent is included in instruction No. 5, and that that instruction " * * * could have only suggested to the jury that they must consider such an ele-

ment: * * * [criminal intent]." and that instruction No. 5 " * * * also concerns the determination of criminal intent." The state would have us reach this conclusion by reading instruction Nos. 2 and 5 together. State v. Gruender, 83 N.M. 327, 491 P.2d 1082 (Ct.App.1971). However, in reading the instructions as a whole we fail to find the jury was instructed on the essential element of criminal intent. The jury must have more than a suggestion. It must be instructed on the essential element of a "conscious wrongdoing". Compare State v. Austin, supra.

Reversed and remanded for a new trial.

It is so ordered.

COWAN, J., concurs.

SUTIN, dissents.

SUTIN, Judge (dissenting).

The reason I dissent is that Bachicha should be discharged because § 64–9–4(a), N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 2) is unconstitutional. See Dissent in State v. Sanchez, 82 N.M. 585, 484 P.2d 1295 (Ct. App.1971); State v. Sluder, 82 N.M. 755, 487 P.2d 183 (Ct.App.1971). This continuing problem would terminate if the state would seek a writ of certiorari to the Supreme Court on the issue of a new trial.

I raise this question sua sponte. Tate, Sua Sponte Consideration on Appeal, 9 Trial Lawyers Journal (July, 1970). It is my belief that the Supreme Court will do the same. This is the third case on appeal in which the constitutionality of the statute has been raised sua sponte. Yet, the parties have not sought finality. It is regrettable if the statute is held unconstitutional that persons charged with this statutory violation spent time in prison.