504 P.2d 1086

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Amado LOPEZ, Defendant-Appellant.**

No. 976.

Court of Appeals of New Mexico.

Nov. 17, 1972.

Certiorari Granted Jan. 3, 1973.

Douglas T. Francis, Francis, Parker Martin & McNeill, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Randolph Felker, Thomas Patrick Whelan, Jr., Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of unlawfully taking a vehicle. Section 64–9–4, N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 2). State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969) held that "criminal intent" is an essential element of this offense. State v. Bachicha (Ct.App.), No. 912, 84 N.M. 397, 503 P.2d 1175 decided October 13, 1972, reviewed the instructions given in that case and held they did not cover the element of criminal intent.

The instructions in this case also do not cover the issue of criminal intent. The State concedes this case cannot be distinguished from Bachicha, supra. Instead, the State attacks the reasoning expressed in Austin, and argues that Bachicha was wrongly decided and should be reversed. We approve the reasoning in Austin and the results in both Austin and Bachicha.

The judgment and sentence is reversed because of the trial court's failure to instruct on criminal intent. The cause is remanded with instructions to grant Lopez a new trial.

It is so ordered.

454

HENDLEY, J., concurs.

SUTIN, J., dissents (dissenting).

SUTIN, Judge (dissenting).

The reason I dissent is threefold.

1. Lopez should be discharged because § 64–9–4(a), N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 2) is unconstitutional. See dissent in State v. Bachicha, No. 912 (Ct.App.), 84 N.M. 397, 503 P.2d 1175 decided October 13, 1972.

2. I further believe that we should abolish the distinction between "specific intent" and "general intent" in instructions in criminal cases. See Special Concurrence in State v. Ramirez, 84 N.M. 166, 500 P.2d 451 (Ct.App.1972). It is now my opinion that the need for a "specific intent" instruction is a convenient disguise in criminal cases upon which to grant new trials to those who are guilty of the crimes charged beyond a reasonable doubt. It is very difficult for a trial judge to determine which criminal statute requires an instruction on "specific intent."

The trial court instructed the jury:

The material allegations of the Indictment *necessary to be proven to your satisfaction and beyond a reasonable doubt before you can find the defendant guilty* . . . are that . . .

\* \* \* \* \* \*

. . . AMADO LOPEZ did take a vehicle . . . intentionally . . . [Emphasis added]

\* \* \* \* \* \*

Intent is seldom susceptible of direct proof, and may be inferred from the facts and circumstances surrounding the case.

These instructions were sufficient. All that can be required of the trial court's instructions is that they properly give to the jury the essential facts which must be es-tablished beyond a reasonable doubt. State v. Anaya, 80 N.M. 695, 460 P.2d 60 (1969).

In other words, if the trial court instructs the jury in the language of the criminal statute involved, instructions on "specific intent" and "general intent" disappear. The jury should be primarily interested in whether the defendant is guilty beyond all reasonable doubt.

3. Lopez did not request any instructions. Neither did he object to either of the above instructions. This claimed error is not subject to review. In Territory v. Caldwell, 14 N.M. 535, 98 P. 167 (1908), the court said:

Our laws make it the duty of the presiding judge to instruct the jury as to the law in criminal cases. In the case at bar we think that the court instructed the jury fully and fairly as to the law of the case, and if it failed to do so, then it was the duty of counsel for defendants to ask the court to give such instructions as they thought should be given.

This rule was re-adopted by the Supreme Court in 1966. Section 21–1–1(51)(2)(h). It has remained the rule for 64 years. State v. Rodriguez, 81 N.M. 503, 469 P.2d 148 (1970). The failure of the trial court to instruct on "specific intent," if not included in the above instructions, is not subject to review.

Under the majority opinion, if the defendant remains silent on the issue of "specific intent" in criminal instructions, the defendant is entitled to a new trial. I cannot condone this rule of law. In a criminal case, the right to have a jury properly instructed on the law of the case is not a right guaranteed by the constitution. If the defendant remains silent, he waives error, if any. State v. Garcia, 46 N.M. 302, 128 P.2d 459 (1942); State v. Roybal, 66 N.M. 416, 349 P.2d 332 (1960).

Lopez should be discharged or the conviction affirmed.