511 P.2d 760

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Domingo FUENTES, Defendant-Appellant.**

**No. 1064.**

Court of Appeals of New Mexico.

April 27, 1973.

Rehearing Denied May 21, 1973.

Certiorari Denied June 15, 1973.

See also 84 N.M. 757, 508 P.2d 27.

Brian W. Copple, Roswell, for defendant-appellant.

David L. Norvell, Atty. Gen., Harvey B. Fruman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of the unlawful distribution of a controlled substance in violation of § 54–11–22(A), N.M.S.A.1953 (Int.Supp. 1972) defendant appeals asserting that "criminal intent" is an essential element of unlawful distribution of a controlled substance, and that the instructions to the jury failed to include a proper instruction on criminal intent. We affirm.

Prior to submission of this case, the Supreme Court on January 3, 1973 granted certiorari in State v. Lopez, 84 N.M. 453, 504 P.2d 1086 (Ct.App.1972) (Lopez 1)

and State v. Gunzelman, 84 N.M. 451, 504 P.2d 1084 (Ct.App.1972). The instant case was submitted on February 5, 1973. Subsequently, we certified this case to the Supreme Court on March 21, 1973 because this case involved instructions concerning the same requisite intent as contained in *Lopez* and *Gunzelman* and a determination of those cases would necessarily dispose of this one. Our certification was pursuant to § 16–7–14(C)(2), N.M.S.A.1953 (Repl. Vol. 1970) and stated in part:

"The New Mexico Supreme Court has granted certiorari in State v. Lopez, (Ct.App.), No. 976, decided November 17, 1972, and State v. Gunzelman, (Ct. App.), No. 968, decided November 30, 1972. The *Lopez* and *Gunzelman* decisions are both concerned with instructions to the jury concerning the requisite intent for the crimes involved in those cases.

"By the grant of certiorari, it appears to this Court that the New Mexico Supreme Court has indicated that the matter of instructions concerning the requisite intent is one of substantial public interest that should be decided by that Court.

"Certiorari was granted in the *Lopez* and *Gunzelman* cases on January 3, 1973, and those cases are presently pending before that Court.

"On the basis of the foregoing and pursuant to § 16–7–14(C)(2), N.M.S.A. 1953 (Repl. Vol. 4), this case is certified to the New Mexico Supreme Court for decision."

Section 16–7–14(C)(2), supra, states in part:

"Any certification by the court of appeals under this subsection is a final determination of appellate jurisdiction."

Subsequently on March 30, 1973, by order, the Supreme Court remanded the case to the Court of Appeals stating in part:

". . . it appearing to the Supreme Court that this cause should be remanded back to the Court of Appeals;"

■ Accordingly, we decide the issue presented and in so doing overrule our decision in *Gunzelman*. In overruling our holding in *Gunzelman* we do not overrule our decision in State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969) and some of its progeny. State v. Bachicha, 84 N.M. 397, 503 P.2d 1175 (Ct.App.1972); State v. Lopez, (Lopez 1), supra; State v. Pedro, 83 N.M. 212, 490 P.2d 470 (Ct.App. 1971); State v. Sanchez, 82 N.M. 585, 484 P.2d 1295 (Ct.App.1971). See also State v. Viscarra, 84 N.M. 217, 501 P.2d 261 (Ct.App.1972). A brief summary will be helpful to explain our reasoning.

*Austin* was concerned with the constitutionality of § 64–9–4(a), N.M.S.A.1953 (2d Repl. Vol. 1960, pt. 2), the unlawful taking of a vehicle. Defendant argued the constitutionality of the statute on the grounds that it did not "require the finding of any criminal intent" and could apply to an innocent convertor. We held the issue to be jurisdictional and that it could be raised for the first time on appeal. We further held that the legislature may forbid the doing of an act and make its commission criminal without regard to the intent with which the act is done. In the absence of a clear indication that the legislature intended to create a crime which did not require criminal intent we held that the statute would be construed in light of the common law and the existence of criminal intent would be regarded as essential. In the context of the challenged statute we defined criminal intent as a conscious wrongdoing. The jury in that case having been instructed that the taking had to be done knowingly and feloniously, we held that the defendant was properly found guilty of a conscious wrongdoing in taking the vehicle and accordingly the statute was not unconstitutionally vague or uncertain.

As is apparent from a reading of both opinions in *Gunzelman*, the trial court not only instructed in the terms of the burglary statute (§ 40A–16–3, N.M.S.A.1953 (2d Repl. Vol. 1972) ". . . unauthorized entry . . ., with the intent to commit any felony or theft therein.") but

also gave an instruction on general criminal intent. Defendant made no objection nor did he request an instruction. We held the "failure to give an instruction containing an essential element of a crime is jurisdictional and may be raised for the first time on appeal."

Our holding in *Gunzelman* was in error. The matter should have been disposed of on procedural grounds since defendant did not object to the confusing instructions. *Gunzelman* did not involve an instruction which omitted an essential element of the crime defined in the statute. State v. Walsh, 81 N.M. 65, 463 P.2d 41 (Ct.App. 1969). Thus there was no jurisdictional defect. State v. Moraga, 82 N.M. 750, 487 P.2d 178 (Ct.App.1971). Since the defendant did not object to the instruction on general intent and had failed to show prejudice amounting to fundamental error the issue decided in *Gunzelman* should not have been subject to review. State v. Hatley, 72 N.M. 280, 383 P.2d 247 (1963); State v. Herrera, 82 N.M. 432, 483 P.2d 313 (Ct.App.1971). Any alleged error was waived. State v. Lopez, 79 N.M. 282, 442 P.2d 594 (1968).

In this posture we decide the instant case. Section 54–11–22(A), supra, states in part:

"... , it is unlawful for any person to intentionally distribute . . . a controlled substance. . . ."

██ The trial court instructed the jury in the language of the statute. Defendant's trial counsel made no objection nor did he tender an instruction. In this case an objection would have done no good because instructions which are phrased in the terms of a statute which require an intent are sufficient. State v. Baca (Ct. App.), 85 N.M. 55, 508 P.2d 1352, decided April 1, 1973; State v. Lopez, 80 N.M. 599, 458 P.2d 851 (Ct.App.1969), cert. denied, 398 U.S. 942, 90 S.Ct. 1860, 26 L.Ed. 2d 279 (1970). Except where the legislature clearly indicates a desire to eliminate the requirement of criminal intent, criminal statutes will be construed in the light of

the common law and criminal intent will be required. Failure to instruct on this required element will be considered jurisdictional. State v. Austin, supra; State v. Lopez, (Lopez 1), supra; State v. Bachicha, supra; State v. Sanchez, supra.

Affirmed.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., concurred in part and dissented in part.

SUTIN, Judge (concurring in part and dissenting in part).

I concur in the result reached. I dissent on the failure to overrule State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969) and its progeny. See dissent in the following opinions: State v. Sanchez, 82 N.M. 585, 484 P.2d 1295 (Ct.App.1971); State v. Sluder, 82 N.M. 755, 487 P.2d 183 (Ct. App.1971); State v. Lee, 83 N.M. 522, 494 P.2d 184 (Ct.App.1972); State v. Bachicha, 84 N.M. 397, 503 P.2d 1175 (Ct.App. 1972); State v. Gunzelman, 84 N.M. 451, 504 P.2d 1084 (1972); State v. Lopez, 84 N.M. 453, 504 P.2d 1086 (Ct.App.1972), and special concurrence in State v. Ramirez, 84 N.M. 166, 500 P.2d 451 (Ct.App. 1972).

In my opinion, the confusion which surrounds instructions in criminal cases on "criminal intent" still exists. The failure to instruct on the meaning of "criminal intent" should not be considered jurisdictional in any case where the jury is instructed in the language of the criminal statute. To do so opens the door to reversal. For one example, "specific intent" is not an essential element of second degree murder. State v. Tapia, 81 N.M. 274, 466 P.2d 551 (1970). It is essential in first degree murder. State v. Smith, 26 N.M. 482, 194 P. 869 (1921). As long as this rule exists, a defendant will never tender an instruction on "criminal intent." If by oversight, the court fails to give one, a reversal follows.

"Criminal intent" should be a matter of argument to the jury based upon the evi-

dence and the statute. No reasonable contention can be made that the language used in an instruction to define "criminal intent" has any bearing on a defendant's constitutional rights.

This problem may be solved if and when the Supreme Court adopts uniform jury instructions in criminal cases.