520 P.2d 1100

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**John C. MONTOYA, Defendant-Appellant.**

**No. 1238.**

Court of Appeals of New Mexico.

March 20, 1974.

Jack T. Whorton, Alamogordo, for defendant-appellant.

David L. Norvell, Atty. Gen., Dee C. Blythe, Asst. Atty. Gen., Norman D. Bloom, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

Defendant was indicted for violations of the Controlled Substances Act. Count I alleged the distribution and sale of heroin contrary to § 54–11–20(B), N.M.S.A. 1953 (Vol. 8, pt. 2, Supp.1973). Count II alleged the distribution and sale of marijuana contrary to § 54–11–22(A)(1), N.M.S.A.1953 (Vol. 8, pt. 2, Supp.1973).

From judgment and sentence against him, defendant appeals, raising four points for reversal. We reverse on the basis of his first point, relating to jury instructions.

The defendant contends that the trial court failed to adequately instruct the jury on the issue of criminal intent. Since counsel made no objections to the instructions of the trial court, the error, if any, must be jurisdictional to be reviewable. Section 21–2–1(20), N.M.S.A. 1953 (Repl. Vol. 4). The failure to instruct on an essential element of the crime is jurisdictional. State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973); State v. Walsh, 81 N.M. 65, 463 P.2d 41 (Ct.App.1969).

Criminal intent is an essential element of § 54–11–22(A)(1), supra. See State v. Fuentes, 85 N.M. 274, 511 P.2d 760 (Ct.App.1973). It is likewise an essential element of § 54–11–20(B), supra. Cf. State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960); State v. Pedro, 83 N.M. 212, 490 P.2d 470 (Ct.App.1971).

Jurisdictional error for failure to instruct upon criminal intent can be avoided in two ways. The first method is to define criminal intent in terms of "conscious wrongdoing" or its equivalent. State v. Lopez, 84 N.M. 453, 504 P.2d 1086 (Ct. App.1972); State v. Bachicha, 84 N.M. 397, 503 P.2d 1175 (Ct.App.1972); State v. Pedro, supra; State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969). The second

method is to instruct the jury substantially in terms of the statute if it defines the requisite intent. State v. Gunzelman, supra; State v. Maestas, 63 N.M. 67, 313 P.2d 337 (1957); State v. Jones, 85 N.M. 426, 512 P.2d 1262 (Ct.App.1973); State v. Puga, 85 N.M. 204, 510 P.2d 1075 (Ct.App. 1973); State v. Baca, 85 N.M. 55, 508 P.2d 1352 (Ct.App.1973); State v. Lopez, 80 N. M. 599, 458 P.2d 851 (Ct.App.1969), cert. denied, 398 U.S. 942, 90 S.Ct. 1860, 26 L.Ed. 2d 279 (1970). We feel that either of these methods is simple enough to employ. Therefore, we reject the State's contention that the mere mention of "intent" somewhere in the instructions is sufficient to avoid jurisdictional error. Acceptance of this contention would amount to a departure from our prior decisions, which we explicitly refused to do in State v. Fuentes, supra.

The trial court, although mentioning "intent" in an entrapment instruction, did not define it in terms of conscious wrongdoing. In State v. Austin, supra, we held sufficient an instruction indicating that the defendant must "knowingly" and "feloniously" commit an act before conviction. Here the trial court's instructions referred to the "unlawful" sale or distribution of a controlled substance, as the indictment charged. But nowhere did the instructions state, as did the trial court in *Austin*, that the jury must find that the act was done, " * * * wrongfully and against the law. * * *" The trial court here did not even mention the fact that the offense must be knowingly committed. We hold, therefore, that the trial court did not instruct on intent in terms of conscious wrongdoing or equivalent language. See State v. Bachicha, supra.

The State strenuously argues that language in the entrapment instruction appraised the jury of the intent requirement substantially in terms of the statutes. The instruction states:

"The law recognizes the defense of entrapment. Where a person has no previous intent to violate the law, but is induced or persuaded by law enforcement officers to commit a crime, he is entitled to the defense of entrapment, because the law as a matter of policy forbids a conviction in such a case. * * *

" * * *

"If, then, the jury should find beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offense involved in this case, the accused was ready and willing to commit crimes such as charged in the indictment, wherever [the] opportunity was offered, and that the Government agents did no more than offer the opportunity, the accused is not entitled to the defense of entrapment. * * *"

In resolving the State's contention we view the instructions as a whole. See State v. Gunzelman, supra; State v. Puga, supra. We have determined that the language of the statutes was not employed, it was ignored. The material instructions state:

"INSTRUCTION NO. 3

"The material allegations contained in the Indictment which must be proved to your satisfaction beyond a reasonable doubt by the evidence introduced in this case are:

"a. That the Defendant did sell two bindles or packages of heroin for $20.-00 to Undercover Officer Robert Kelly;

"b. That the Unlawful Sale of Heroin occurred in Alameda Park in Alamogordo, within the County of Otero, State of New Mexico;

"c. That the Defendant did sell two lids or packages of marijuana for $20.-00 to Undercover Officer Robert Kelly;

"d. That the Unlawful Sale of Marijuana occurred in the Village of Tularosa, within the County of Otero, State of New Mexico;

"e. That the unlawful offense of the sale of heroin occurred on the 19th day of November, 1972, and the un-

lawful offense of the sale of marijuana occurred on the 4th day of December, 1972, or within three years from the date the indictment was filed herein in this cause, to-wit: February 14, 1973."

"INSTRUCTION NO. 4

"The Defendant is on trial before you upon an Indictment returned by the Grand Jury of Otero County charging him with the Unlawful Sale or Distribution of a Controlled Substance, to-wit: Heroin, contrary to and in violation of Section 54–11–22, N.M.S.A., 1953 Compilation, and the Unlawful Sale or Distribution of a Controlled Substance, to-wit Marijuana, contrary to and in violation of Section 54–11–22A(1), N.M.S.A., 1953 Compilation.

"The plea of not guilty interposed by the Defendant imposes upon the State the burden of establishing his guilt beyond a reasonable doubt, as under the law a defendant is presumed to be innocent, and that presumption of innocence remains with him throughout the trial until his guilt of the crime charged is established by the evidence beyond a reasonable doubt."

The instructions required the jury to find that the defendant " * * * did sell * * * " the controlled substances. The statutes require only that distribution be proved. Distribution is defined in terms of "delivery." State v. McHorse, 85 N.M. 753, 517 P.2d 75 (Ct.App.1973). Delivery is defined as, " * * * the actual, constructive or attempted transfer from one person to another of a controlled substance. * * * " Section 54–11–2(G), N.M.S.A. 1953 (Vol. 8, pt. 2, Supp. 1973). No element of remuneration is required as the use of "sale" tends to imply. In INSTRUCTION NO. 3 the court omitted any mention of mental state when it indicated the "material allegations" to be proved. Yet § 54–11–20(B), supra, relating to the heroin count, makes it unlawful to, " * * * intentionally traffic. * * * " Section 54–11–22(A), supra, relating to the marijuana count, makes it unlawful to, " * * * in-

tentionally distribute or possess with intent to distribute. * * * " Although the entrapment instruction mentions "intent," it does not say what must be intended. If the trial court had quoted the statutes, the jury would have learned that the trafficking of heroin and the distribution of marijuana had to be intentional. Even the titles of the two statutes involved were incorrectly stated. On this record, we cannot say that the jury was charged substantially in terms of the statutes. Since we hold that the trial court failed to instruct upon general criminal intent, we need not discuss the requirements for a sufficient instruction upon specific intent.

■ We deal with defendant's other contentions only briefly. The chain of custody issue is governed by our decision in State v. Chavez, 84 N.M. 760, 508 P.2d 30 (Ct.App.1973), and cases cited therein. The possibility of tampering with the evidence was too remote to require its exclusion. Defendant's own testimony contained sufficient evidence to convict him of aiding and abetting the distribution of marijuana. He testified that Baird, the seller, handed him two "lids" of marijuana which he in turn handed to Kelly, the undercover agent. This is aiding and abetting the "actual transfer" of marijuana. See § 54–11–2(G), supra. Defendant's arguments on sufficiency of the evidence and constitutionality are related to the sale of marijuana. Since sale is not involved in a prosecution under § 54–11–22(A), supra, we need not review those arguments.

For the reasons stated above, the judgment is reversed and the cause remanded for a new trial on charges of distribution and trafficking of controlled substances.

It is so ordered.

SUTIN, J., concurs.

HERNANDEZ, J., concurs specially.

HERNANDEZ, Judge (specially concurring).

While I concur in the result of the opinion I believe that the question of intent requires additional comment.

The defendant argues that the trial court failed to properly instruct on general criminal intent. This point is well taken. However, the statutes involved here require an instruction on specific criminal intent. State v. Fuentes, supra, and State v. Pedro, supra. Therefore, even if the trial court had given a proper instruction on general criminal intent it would not have been sufficient.

General criminal intent is a mental state. It is a mental state of conscious wrongdoing. State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969).

The trial court, although mentioning "intent" in the entrapment instruction, did not define it in terms of conscious wrongdoing. The trial court's third instruction referred to the "unlawful" sale or distribution of a controlled substance, as the indictment charged.

"* * * [T]he use of the word 'unlawful' does not necessarily connote criminal. 'Unlawful' means without authority of law; that which is not justified or warranted by law." Bull v. Logetronics, Inc., 323 F.Supp. 115 (D.C.1971); State v. Chenault, 20 N.M. 181, 147 P. 283 (1915).

This case is very similar to State v. Bachicha, 84 N.M. 397, 503 P.2d 1175 (Ct. App.1972) where we stated:

"* * * [I]n reading the instructions as a whole we fail to find the jury was instructed on the essential element of criminal intent. The jury must have more than a suggestion. It must be instructed on the essential element of a 'conscious wrongdoing'."

The instructions in the instant case amounted to a mere suggestion.

As to specific criminal intent one is obliged to look to the language of the particular statute. Generally the terms of the statute itself define the requisite intent required. In such cases an instruction which follows the words of the statute is sufficient. State v. Gunzelman, supra. Such is the case here.