526 P.2d 1285

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Tony Frank MASCARENAS, Defendant-Appellant.**

**No. 1400.**

Court of Appeals of New Mexico.
Sept. 11, 1974.

Robert Dale Morrison, Mitchell, Mitchell, Alley & Morrison, Taos, for defendant-appellant.

David L. Norvell, Atty. Gen., Ralph Muxlow, II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant assaulted the victim with a knife. He appeals his conviction of aggravated assault. Section 40A–3–2(A), N.M.S.A. 1953 (2d Repl. Vol. 6). The issues concern: (1) search and seizure, and (2) instructions on intent. We reverse because of the failure to instruct on intent.

*Search and Seizure*

The knife allegedly used in the assault was taken from a closed suitcase located in a motel room which defendant had rented. The search of the room was not with defendant's consent, nor was it an incident to his arrest. There was no search warrant. Although the knife was not admitted as evidence, the knife was listed on the inventory of items taken, and this list was admitted as evidence. In addition, there was testimony that the knife was found in the motel room. Defendant objected both to admission of the list and the testimony.

There are two parts to the search and seizure issue; one is concerned with the motel room, the second is concerned with the closed suitcase.

■ Defendant's pretrial motion to suppress alleged an illegal search of the premises. Evidence at the suppression hearing is that the defendant rented the motel room for one week, that the search occurred after defendant's rental had expired, and that the search was with the consent of the landlord.

In Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960), a hotel room was searched after the room had been vacated and the hotel manager consented to the search. *Abel* upheld the admission of items seized during this search. Compare United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242, (1974). When defendant's rental payment expired, he no longer had any expectation of exclusive authority over the room. United States v. Croft, 429 F.2d 884 (10th Cir. 1970). Once defendant's rental expired, the landlord could reassert her authority over the room.

The landlord's consent to a search of the motel room was valid.

■ Defendant contends the landlord could not consent to a search of the closed

suitcase. Defendant's motion to suppress did not raise this issue. The motion was directed to a premises search. At the evidentiary hearing on the motion to suppress, defendant's argument went to the search of the room. Defendant's trial objections stated no ground for the objections. During trial, defendant renewed previous motions.

Defendant never raised, and did not invoke a ruling of the trial court concerning the search of the closed suitcase. He may not raise that issue for the first time on appeal. Appellate Rule 11; see State v. Harrison, 81 N.M. 623, 471 P.2d 193 (Ct. App.1970).

Pertinent to this issue, upon retrial are State v. Vigil, 86 N.M. 388, 524 P.2d 1004 (Ct.App.) decided July 3, 1974 and State v. Johnson, 85 N.M. 465, 513 P.2d 399 (Ct. App.1973).

*Instruction on Intent*

Defendant requested an instruction that criminal intent was an element of the crime of aggravated assault. The trial court refused the request. The jury was not instructed that criminal intent was an element of the crime.

Section 40A–3–2(A), supra, does not refer to intent. Compare § 40A–3–2(C), supra. Intent is required unless it clearly appears that the Legislature intended § 40A–3–2(A), supra, to be a no-intent crime. State v. Pedro, 83 N.M. 212, 490 P.2d 470 (Ct.App.1971). No such legislative intent being shown, intent is an element of § 40A–3–2(A), supra. See State v. Brito, 80 N.M. 166, 452 P.2d 694 (Ct. App.1969). The intent involved is that of conscious wrongdoing. State v. Fuentes, 85 N.M. 274, 511 P.2d 760 (Ct.App.1973); State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969).

When the statute sets forth the requisite intent, instructions in the language of the statute sufficiently instruct on the required intent. State v. Gonzales, 86 N.M. 556, 525 P.2d 916 (Ct.App.) decided July 31, 1974, and cases therein cited.

The trial court instructed in the language of the applicable statutes. The State asserts the language of the applicable statutes informed the jury of the requirement of criminal intent. The applicable statutes were as follows: (a) § 40A–3–2(A), supra, defining aggravated assault in terms of an unlawful assault with a deadly weapon; (b) § 40A–3–1, N.M.S.A.1953 (2d Repl. Vol. 6), defining assault in terms of either an attempt to commit a battery or any unlawful act, threat or menacing conduct causing a reasonable belief of receiving an immediate battery; and (c) § 40A–3–4, N.M.S.A.1953 (2d Repl. Vol. 6) defining battery in terms of an unlawful, intentional touching or application of force.

Common to the above statutes is unlawful conduct. The State relies on this common theme of unlawfulness, asserting that unlawful means a knowledge of wrongdoing. The various examples of conscious wrongdoing set forth in State v. Austin, supra, do not equate unlawfulness with conscious wrongdoing. The result in State v. Craig, 70 N.M. 176, 372 P.2d 128 (1962) is to the effect that an instruction using the word "unlawfully" did not instruct the jury on criminal intent. "Unlawful" may mean nothing more than "not authorized by law." State v. Chenault, 20 N.M. 181, 147 P. 283 (1915). Instructions informing the jury that defendant's conduct must have been unlawful did not inform the jury that conscious wrongdoing was an element of the crime of aggravated assault under § 40A–3–2(A), supra. Compare State v. Bachicha, 84 N.M. 397, 503 P.2d 1175 (Ct.App.1972).

Because the jury was not instructed on the element of criminal intent, the judgment and sentence is reversed. The cause is remanded for a new trial.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.